# HEADNOTE CASES

### IN WHICH FULL OPINIONS WERE NOT FILED.

## TIGET v. THE STATE.

LITTLE, J. 1. It was error, in the trial of one charged with murder, to admit, over proper objection by defendant, the evidence of a witness introduced by the State, to the effect that, a day or two previously to the homicide, witness asked the deceased when he was coming to see him; that deceased replied he did not know, that he might be dead

before he got a chance to come, that he expected to be killed, and; that the man he expected to do it lived two or three steps from his door. *Woolfolk* v. *State* 81 *Ga.* 552; s. c. 85 *Ga.* 69.

2. While the presiding judge in the trial of a criminal case may, in the exercise of a sound discretion, require the accused to omit from his statement reference to entirely irrelevant matters, it is not contemplated by the statute that he shall be embarrassed and circumscribed by the rules which control the admissibility of evidence. *Hackney* v. *State*, 101 *Ga.* 512.

3. The language of the charge as set out in two grounds of the amended motion for a new trial may be susceptible of a construction that it contains an intimation of an opinion by the judge as to what had been proved, and should therefore not have been used.

*Judgment reversed. All the Justices concurring.*

Argued December 4, 1899. — Decided January 24, 1900.

Indictment for murder. Before Judge Spence. Worth superior court. April term, 1899.

The motion for a new trial contained, in addition to the ground dealt with in the first headnote, and other grounds which need not be set forth, the following: Because, as the defendant started to the stand to make his statement and before he had uttered a word, the court said to him, " Now confine yourself to the issues in this case." Later, while he was making his statement and explaining circumstances testified about by the State's witnesses relative to hiring some cotton-pickers and weighing some cotton,— which defendant insisted was material and relevant, he was interrupted by the court, who said to him, " Make your statement about this,— what you had to do with it. The court hasn't got time for you to ramble all over the country." Thereupon the defendant said, " Judge, let me tell about the cotton-picking "; and the counsel for the defendant said to the court that the defendant was an ignorant negro, and he would be glad if the court would bear with him as much as possible. The court then said to the defendant, " Well, go on and get through." It is complained that the interruptions and language used by the court were calculated to and did embarrass the defendant, and suppress and shake his statement, and diminish its effect upon the jury.

The instructions referred to in the third headnote were as follows: " Take any contradictory statements made by the

defendant, if any were made or shown to be made by the testimony; see what explanation he made of any facts and circumstances which pointed to him as the guilty party, if any; see what explanation he made, if it was possible for him to explain these facts and circumstances, if necessary, so as to determine whether you are satisfied beyond a reasonable doubt of the defendant's guilt." It is complained that this contained an intimation of the court's opinion of what had been proved.

*Perry & Tipton,* for plaintiff in error.   *J. M. Terrell, attorney-general,* and *W. E. Wooten, solicitor-general,* contra.