## HANDLEY *v.* THE STATE.

The rule that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one of the conspirators is in legal contemplation the act of all, is subject to the qualification that each is responsible for the acts of the others only so far as such acts are naturally or necessarily done pursuant to or in furtherance of the conspiracy.

Submitted May 19,—Decided June 4, 1902.

Indictment for misdemeanor.    Before Judge Roberts.    Wilcox superior court.    March 28, 1902.

*Hal Lawson*, for plaintiff in error.
*J. F. DeLacy, solicitor-general,* contra.

COBB, J.    The accused was placed upon trial, charged with the offense of using obscene and vulgar language in the presence of a female, and was convicted.    He complains that the court erred in refusing to grant him a new trial.    It appears from the evidence that the accused, his son, and others went near the house of the prosecutor for the purpose of assisting his daughter to run away and. marry the son of the accused, and that, having waited the agreed time at the appointed place for the daughter of the prosecutor to appear, and she not having kept the engagement, the accused and others started along the public road which passed the prosecutor's house, and while in front of the house the language set forth in the indictment was heard by the wife of the prosecutor as well as by the prosecutor himself, both of whom testified that they recognized the voice of the accused.    The accused in his statement denied having used the language alleged, or any similar language, on the occasion in question.    The court charged the jury, in substance, that if the accused and others were engaged in a common design, and while they were acting in furtherance of that design any one of them used substantially the words alleged in the indictment, in the presence of the wife of the prosecutor, without provocation, the accused would be guilty, notwithstanding he may not have used the words himself.    Complaint is made that this charge was erroneous, for the reason that it does not state that the common design must have been unlawful, and for the further reason that, even if the common intent was unlawful, the act charged in the indictment was not one that was in furtherance of the common unlawful purpose.    It does

not appear from the record what was the age of the prosecutor's daughter, and therefore it can not be determined whether the accused and those with whom he was associated for the purpose of enabling her to leave her father's home and marry the son of the accused were engaged in an unlawful enterprise. If the daughter was of full age, she had, if she desired to do so, a legal right to marry the son of the accused without the consent and against the wishes of her father, and any one who aided her in bringing about this result would not be guilty of engaging in any unlawful purpose, so long as they refrained from the commission of any unlawful act in the furtherance of this purpose. If, however, the daughter of the prosecutor was a minor under the age of fourteen years, and her father objected to her marriage with the son of the accused, and the accused and others assembled for the purpose of aiding her in escaping from her father's house for the purpose of contracting marriage with the son of the accused, this would be an unlawful purpose, and any member of the party would be responsible for any act done by any other member in furtherance of this common purpose, as well as for all the consequences which would naturally or necessarily result from any act done by any member of the party in pursuance of the common unlawful enterprise. See, in this connection, Penal Code, § 110; *Cochran* v. *State*, 91 *Ga.* 763.

But even if the common design was unlawful, and if one member of the party departed from the original design as agreed upon by all of the members, and did an act which was not only not contemplated by those who entered into the common purpose, but was not in furtherance thereof nor the natural or legitimate consequence of anything connected therewith, the person guilty of such act, if it was itself unlawful, would alone be responsible therefor. See 6 Am. & Eng. Enc. L. (2d ed.) 870-2; 1 Bish. New Cr. L. § 634 (2); *Ferguson* v. *State*, 32 *Ga.* 658. Conceding, for the sake of the argument, that the accused and those with whom he was associated were engaged in a common unlawful purpose on the occasion in question, the use of the words alleged in the indictment was not in furtherance of this common design. The use of obscene and vulgar language in the presence of a female was no part of the original design to aid the daughter of the prosecutor to escape from her home and marry the son of the accused. Such conduct on the part of any member of the party was not in contemplation by

them when they associated themselves together for the purpose of assisting in bringing about the marriage, nor was the use of such words the natural or legitimate consequence of anything connected with that design. There being no evidence clearly identifying the accused as the one who used the language on the occasion in question, other than the testimony of the two witnesses who claimed to have recognized his voice, and it being possible that the jury might have believed that the accused did not use the language, but that it was used by some other member of the party, the error in the charge in question was of such a character as to require the granting of a new trial.

*Judgment reversed. All concurring, except Lewis, J., absent.*