Atkinson *et al.* v. Atkinson *et al.*

PER CURIAM. 1. As no evidence was introduced to sustain the ground of caveat that was stricken by the court, the striking thereof was harmless.

2. On the issue formed by the application for probate of the will and a caveat filed on the ground of mental incapacity to make the will and of undue influence on the part of the propounder, and of fraud and collusion on the part of the propounder, it was not error for the court to exclude from evidence a certain deed offered by the caveator, from the propounder to his wife, dated January 5, 1922, conveying certain property in Greene County. The deed was properly rejected as throwing no light on the testamentary capacity of the testator, or on the question of undue influence.

3. The court charged the jury as follows: "And when you go to your jury-room you will see in paragraph 4 [of the caveat] set out in this case certain allegations made by the caveators as to the setting up of this paper as the last will and testament of W. C. Atkinson. So far as paragraph 4 is concerned, that is not an issue that is submitted to

the jury in this case." This ground of the caveat set up a good ground against the probate of this will. This being so, the court erred in instructing the jury to disregard the same. This error was not cured by the fact that the judge in his general charge stated the contentions of the caveators as set out in paragraph 4, and gave to the jury instructions thereto. The erroneous instruction in one part of the charge is not cured by a subsequent correct instruction in reference to the subject-matter, unless the court expressly withdraws the erroneous charge and instructs the jury that they are to consider in lieu thereof the correct instruction given them.

4. The judge charged the jury as follows: "Then it would be proper for the jury to investigate the second issue in this case, and that is, was that paper, or was that will, executed freely and voluntarily by W. C. Atkinson, or was it the result of undue influence and fraud and misrepresentation that was practiced on W. C. Atkinson either by Alfred D. Atkinson, or by Mrs. Elizabeth Askew." *Held:* that this instruction was erroneous, because it might have impressed the jury with the idea that they must find the existence of undue influence, fraud and misrepresentation, before they would be authorized to set aside the will, when the existence of either of such things would render the will void.

5. The judge charged the jury as follows: "A monomaniac may make a will if the will is in no way the result of, or connected with, that monomania." As there was no evidence on which to base this instruction, the same was erroneous. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A, 880).

6. The other assignments of error show no cause for reversal.

7. As the judgment of the trial court will be reversed, no decision is made on the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*

### No. 4398. FEBRUARY 28, 1925.

Appeal. Before Judge Park. Greene superior court. May 30, 1924.

The will of W. C. Atkinson was offered for probate in solemn form by Alfred Atkinson, the nominated executor; and B. B. Atkinson and certain other heirs at law of W. C. Atkinson filed their caveats denying that the paper offered was the will of W. C. Atkinson, on the grounds, first, that he did not have testamentary capacity to execute the will, but was an imbecile from disease and old age; second, that the paper was not the will of W. C. Atkinson, but that the same was obtained by the undue influence of the propounder and his sister, the principal legatees; and third, that the will was the result of a fraudulent scheme on the part of the propounder, whereby he sought to defraud the heirs of W. C. Atkinson and his own creditors. The alleged fraud and undue in-

fluence were set out at length in the caveat. The case was appealed by consent to the superior court, and was submitted to a jury and a verdict was returned for the propounder. A motion for new trial was made on the usual general grounds and certain special grounds, which was overruled. Exception is taken to the order overruling the motion for new trial, and to a ruling of the court striking a certain ground of the caveat.

*Miles W. Lewis,* for plaintiffs in error.

*Noel P. Park* and *Joseph G. Faust,* contra.