16594.  THOMAS, alias ROME, etc., *v.* THE STATE.

The statute under which it is error for a judge, in his charge to the jury, "to express or intimate an opinion as to what has or has not been proved," was violated by the instruction that "if the poison, in the manner in which it was used, . . or . . was administered, was a poison likely to produce death, then the law, from the use of such poison, would imply malice."

An erroneous instruction in one part of a charge is not cured by correct instructions in another part in reference to the same subject-matter, unless the court expressly withdraws the erroneous charge and instructs the jury that they are not to consider it.

DECIDED JULY 29, 1925.

Conviction of assault with intent to murder; from Wilkes superior court—Judge Perryman.  May 8, 1925.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J.  The indictment charged that the accused was guilty of murder, in that he, with intent to kill, administered to a named person a deadly poison.  A ground of the motion for a new trial alleges that an opinion as to what had been proved was expressed by the judge in the following instructions to the jury: "If the poison, in the manner in which it was used, was a poison likely to produce death, or in the manner it was administered was a poison likely to produce death, then the law, from the use of such poison, would imply malice."  We agree with counsel for the plaintiff in error.  To so charge the jury was to express an opinion that the poison "was used" and "was administered," and such a charge was a violation of section 4863 of the Civil Code of 1910, which provides that it is error for any judge in his charge to the jury "to express or intimate his opinion as to what has or has not been proved."  As the trial judge did not expressly withdraw these erroneous instructions from the jury and instruct the jury not to consider them, the error therein was not cured by any other part of the charge.  This error in the charge requires the grant of a new trial.  *Atkinson* v. *Atkinson,* 159 *Ga.* 882 (3) (127 S. E. 149).

As the case is to be tried again it is unnecessary to pass upon the other assignments of error.

*Judgment reversed.  Broyles, C. J., and Luke, J., concur.*