JOHNS v. THE STATE.

No. 9899. MARCH 14, 1934.

*Harry M. Wilson, Herbert W. Wilson,* and *G. Wilbur Sweat,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. B. Spence, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general, A. S. McQueen, J. S. Gibson,* and *E. J. Clower,* contra.

HUTCHESON, J. Royal Johns was indicted for the murder of W. C. White. He was tried, convicted, and sentenced to be electrocuted. His motion for new trial was overruled, and he excepted.

■ Grounds 4 and 11 of the motion assign error because the court admitted in evidence, and failed to exclude on motion, a certain shoe, plaster-cast, photographs, and testimony in connection therewith. Where a defendant, after his arrest, allows his shoes or other apparel to be removed by the officers, without objection, or voluntarily removes the same, it is not error to allow such evidence to be introduced, nor is it in violation of any constitutional right of the defendant. *Franklin* v. *State,* 69 *Ga.* 36 (47 Am. R. 748); *Smith* v. *State,* 17 *Ga. App.* 693 (88 S. E. 42).

■ Ground 5 of the motion complains because the court allowed a witness, Oscar Johns, to testify over objection, and in answer to the question, "You knew that this gun was found out in front of his house? You heard that?" as follows: "I heard that." The objection was that the testimony was hearsay and inadmissible. The language, "We object to what he heard," is sufficiently specific as

an objection to be considered by this court, and the trial court erred. in not excluding the testimony.

■ The sixth assignment of error is on the court's refusal to allow counsel to ask a witness for the defendant a question which sought to bring out a conversation which the witness had with one Dan Parrish, relative to a gun, and certain statements in the nature of threats made by Parrish. It not appearing in this ground that such evidence was relevant and material and illustrative of any issue in the case, its exclusion can not be held error.

■ Ground 7 assigns error because the court refused to allow the movant to introduce in evidence a paragraph of a petition for change of venue, filed in the superior court of Charlton County on April 20, 1933. Self-serving declarations are not admissible, unless made in the presence of the opposite party or as part of the res gestæ; and, while not strictly a self-serving declaration, a paragraph from the petition for change of venue was properly excluded. *Williams* v. *State,* 123 *Ga.* 138 (2) (51 S. E. 322).

■ Ground 8 assigns error because the court gave to the jury the following charge: "As I have charged you, the punishment for persons convicted of murder shall be death, but may be confinement in the penitentiary for life in the following cases: If the jury trying the case shall so recommend, or if the conviction is founded solely on circumstantial testimony, the presiding judge may sentence the defendant to confinement in the penitentiary for life. In the former case it is not discretionary with the judge, in the latter case it is." And in recharging the jury as follows: "If the conviction is found solely on circumstantial evidence, the presiding judge may sentence to confinement in the penitentiary for life." The movant contended that such charge was confusing to the jury and injurious to defendant. As was said in *Blackman* v. *State,* 78 *Ga.* 592 (3 S. E. 418), it was bad practice for the court to charge the jury as to that section of the Code which invests the court with discretionary power to substitute imprisonment for life for the death penalty in cases of conviction on circumstantial evidence, but this impropriety is not cause for the grant of a new trial. See also *Blackman* v. *State,* 80 *Ga.* 785 (7), 791 (7 S. E. 626).

■ Ground 9 assigns error because the court gave in charge to the jury the following: "Legal malice is not necessarily ill-will or hatred. It is an unlawful intention to kill, without justification

or excuse, which intention must exist at the time of the alleged killing." Movant complains that this charge was inappropriate to the facts in the case, and expressed an opinion that the defendant must show justification. In view of the charge taken as a whole, and the fact that it is proper and right in the trial of one indicted for murder that the court should charge the jury on the question of malice, express and implied, the charge in the instant case was sufficiently full and complete, and the assignment of error is without merit. *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

■ Ground 10 assigns error because the court gave in charge to the jury the following: "It is necessary in the determination of your verdict in this case to determine the character of the instrument used by the defendant upon the occasion under investigation in the case." Movant complains that this language was an expression of opinion by the court that the defendant had used the instrument on the occasion under investigation. There being an issue as to whether the deceased was killed by the defendant, it was error so to charge; and being in violation of the Civil Code, § 4863, and the Penal Code, § 1058, it invaded the province of the jury by intimating that the defendant committed the homicide by use of an instrument, and requires a reversal. *Thomas* v. *State,* 34 *Ga. App.* 233 (128 S. E. 917).

As the case will go back for another trial, no ruling will be made on the assignments of error based on the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*