## 27758. METROPOLITAN LIFE INSURANCE COMPANY
### v. DANIEL.

Decided November 15, 1939.

*William L. Clay,* for plaintiff in error. *Edwin J. Feiler,* contra.

Felton, J.  Thomas Daniel, insured under a group policy issued to Southeastern Compress and Warehouse Company, his employer, brought this action to recover total disability benefits.  The policy among other things provided: "Upon receipt at the home office in the City of New York, of due proof that any employee, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the company will . . pay equal monthly instalments . . to the said employee. . .  Without prejudice to any other cause of disability, the entire and irrecoverable loss of the sight of both eyes, or the loss of use of both hands, or both feet, or of one entire hand and one entire foot, will constitute total and permanent disability within the meaning of this provision."  Daniel's duties prior to the time of his injury consisted of sewing the bagging on bales of cotton after they had been compressed.  Daniel suffered an injury which necessitated the removal of his hand two inches above the wrist.  It is insisted that the injury, with the subsequent removal of the hand, totally disabled the insured under the terms of the policy, and this action is to recover the benefits for such total disability.

The evidence developed that the insured was an uneducated laborer, and that common labor was all that he was fitted to do.  He was employed by the same employer after the injury, and his wages were diminished but two and one-half cents per hour.  A Mr. Ward testified that Daniel was employed by them while the compress was working, but that the number of bales pressed by them had decreased to a great extent, and that for this reason their need for the services of Daniel was not as great as it had been before such decrease in the volume of their operations.  He testified that there

were other one-arm and one-leg men working for the company, not all of whom had been injured in their employ, though it was the custom of the company to take care of those persons injured in their employ. He testified further that the only part of his job that Daniel could not do was to sew the bagging on the cotton, but that he could truck the cotton, and perform other duties around the compress that he had done prior to the injury. The jury rendered a verdict in favor of the insured for the full amount sued for, and the insurance company excepted.

We have set out very briefly the facts adduced at the trial of the case. Under the view we have of this case, it will only be necessary to consider that portion of the charge of the court excepted to in ground 5 of the amended motion for new trial, as follows: "I charge you that the words 'any occupation' and 'any work' shall be construed to mean the ordinary employment of the particular person insured, or such other employment, if any, approximately the same line of endeavor as the insured might fairly be expected to follow, in view of his station and his physical and mental capacity. So that, then the jury should determine, in considering that matter, if he has been deterred from following the usual line of work; if he did, whether it was such ordinary work, such similar occupation, or such work that he could follow and make as much of a livelihood as the one that he was occupying at the time the thing happened. . ." Before considering this portion of the charge of the court it might be well to state that the evidence did not demand a finding for the insured, and, as said in *Prudential Insurance Co.* v. *South,* 179 *Ga.* 653, 656 (177 S. E. 499, 98 A. L. R. 781), the insured would not be entitled to a recovery merely upon proof that he had lost his arm. It becomes incumbent upon us then, to see whether the court correctly charged the jury on what constitutes total disability under the terms of the contract sued upon.

The question of what is total disability has been decided by courts of many jurisdictions with, in many instances, startlingly different results. We think that for the purposes of this decision we need consider only the cases of *Cato* v. *Ætna Life Insurance Co.,* 164 *Ga.* 392 (138 S. E. 787), and *Prudential Insurance Co.* v. *South,* supra. As far as any practical results are concerned, the disability provisions in the policy sued on and the provisions in the

policies in the cases cited above are so similar as to obviate the necessity of a comparison of the phraseology.

An examination of the charge of the court and of the headnotes and opinions in the *Cato* and *South* cases will disclose that the court in the case at bar actually charged the law as laid down in those cases. But where it is stated in the *South* case that "the expression . . 'any occupation' . . should be construed to mean the ordinary employment of the particular person insured, or such other employment, if any, approximating the same livelihood, . ." the court in the case at bar in his charge to the jury changed the words "approximating the same livelihood" to "approximately the same line of endeavor," and then, in elaborating to the jury the meaning of the charge just given, said: "So that, then the jury should determine . . whether . . such work that he could follow and *make as much of a livelihood* as the one that he was occupying at the time the thing happened." (Italics ours.) This elaboration by the court applied the wrong test of total disability, and had the effect of stressing and emphasizing the interpretation which the court placed on the words "approximately the same livelihood," and in effect told the jury that if the insured was only able to earn five cents less, or one cent less, per week, that they could find that there was a total disability. That this charge was error is apparent from reading the *Cato* case, where, at page 398, the Supreme Court said: "Total disability is the antithesis of partial disability. One is the opposite of the other. . . It follows as a necessary consequence that the insurer is not liable as for a total disability when the accident or disease has merely prevented the insured from doing as much in a day's work as before. Such lessened earning capacity may be a case of partial disability, but not a case of total disability."

Nor does it matter that the court correctly charged the law of total disability elsewhere in his charge. The erroneous charge was not withdrawn, nor was the jury instructed to disregard it. See case cited in *Securities Investment Co.* v. *Jett,* 59 *Ga. App.* 418 (1 S. E. 2d, 69).

The charge complained of was error, and the court erred in overruling the motion for new trial.

In view of the above ruling it becomes unnecessary to pass upon the other assignments of error.

*Judgment reversed. Stephens, P. J., concurs.*

SUTTON, J., dissenting. The charge of the court complained of and set out in ground 5 of the amended motion for new trial was as follows: "The contract upon which the suit is based is in evidence. One of the provisions in the policy stipulates that upon receipt at the home office of due proof of any employee, while insured, prior to his sixtieth birthday, becomes totally and permanently disabled, as the result of bodily injury, that the company will pay $51.04 to the employee per month, and that such monthly payment shall be made during continuance of the disability. Under this policy the employee shall show total and permanent disability who furnishes due proof to the company while injured, that he has been so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation, and that is what he alleges, from performing any work for compensation or profit; and upon receipt of that proof the company will commence to pay, in lieu of the payment of the insurance at his death, equal monthly instalments amounting to $51.04 only during the continuance of such disability. The provisions of the policy and the certificate of insurance determine under what conditions the plaintiff may recover. The defendant is not liable except under the conditions and to the extent provided in these provisions of the group policy and of the certificate of insurance. The plaintiff will be only entitled to recover such instalments as may be payable under the terms of the policy during a period of total disability. When the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is present, although he is still able to perform some part of the work. The words 'total disability' mean inability to do substantially or practically all of the material acts necessary to the transaction of the insured's business, or his occupation, or whatever line he is following, and in the customary and usual manner. Total disability does not mean absolute inability, physical inability, to work at one's occupation, or to pursue any occupation for wages or gain, but it exists if the injury or the disease of the insured is such that common care and prudence require him to desist from performing the labors incident to his particular line of work or duty or occupation. In such a case total disability exists, as a general proposition. The language of the policy provides, in part, that if the insured 'becomes totally and

permanently disabled as the result of bodily disease, or otherwise, so as to be prevented thereby from engaging in any occupation,' reading language now, gentlemen, of the policy, 'from performing any work for compensation or profit, the company will pay certain designated disability benefits.' I charge you that the words 'any occupation' and 'any work for compensation or profit' shall be construed to mean the ordinary employment of the particular person injured or such other employment, if any, approximately the same line of endeavor as the insured might fairly be expected to follow, in view of his station and his circumstances and his physical and mental capacity. So that, then the jury should determine, in considering that matter, if he has been deterred from following the usual line of work; if he did, whether it was such ordinary work, such similar occupation, or such work that he could follow and make as much of a livelihood as the one that he was occupying at the time the thing happened, or if he was deterred from doing that by reason of this hand being cut off. You should bear that in mind, of course, in determining whether or not that was a handicap to the extent that he could not substantially follow out that occupation or such a kind, one that would be in his line of endeavor, and as already intimated to you."

Plaintiff's action was to recover total disability benefits under a group policy of insurance. He received an injury to one of his hands, which necessitated its removal two inches above the wrist. The duties of his employment before this injury were to sew bagging on bales of cotton after they were compressed. After his injury he could not perform this part of his work, on account of the loss of his hand, although he could perform some parts of his work, but at a reduction in his wages. The injury he sustained incapacitated him from performing a substantial part of his ordinary duties, although he was able to perform some parts of his work.

Under the facts of the present case and the rulings of the Supreme Court and this court in *Calo* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787), *Prudential Ins. Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499, 98 A. L. R. 781), *New York Life Ins. Co.* v. *Thompson*, 45 *Ga. App.* 638 (165 S. E. 847), *South* v. *Prudential Ins. Co.*, 47 *Ga. App.* 590 (171 S. E. 215), *Prudential Ins. Co.* v. *Hicks*, 52 *Ga. App.* 311 (183 S. E. 102), and *Prudential Ins. Co.* v. *Richardson*,

52 *Ga. App.* 807·(184 S. E. 809), I am of the opinion that the charge complained of in ground 5 of the motion was not error. Therefore I dissent from the ruling of the majority of the court, which reverses the judgment of the trial court on a part of the · above-mentioned charge.