19736. EXECUTIVE COMMITTEE OF THE BAPTIST
CONVENTION *v.* FERGUSON.

Argued June 10, 1957—Decided July 3, 1957—Rehearing
denied July 22, 1957.

James A. Branch, Thomas B. Branch, Jr., for plaintiff in error.
Wilson, Branch & Barwick, Jefferson L. Davis, contra.

Duckworth, Chief Justice. ■ In paragraph 16 of the peti-
tion, six specific grounds of negligence are set out, numbering
from "A" through "F" of the alphabet. This paragraph of the
petition begins as follows: "In and about the premises, the de-
fendant was negligent in the following particulars." Then follow
the separate specifications, the first of which is ground "A" as

follows: "In inducing upon the plaintiff a state of partial anesthesia knowing that the defendant would not attend your petitioner during the night." The defendant's demurrer to this ground of negligence was sustained, but of course it was not obliterated and remained in the petition. Special ground 1 of the amended motion for new trial assigned error upon excerpts from the charge which instructed the jury that, if they believed defendant was negligent in "some one or more or in all respects and particulars named in plaintiff's petition," and if they believed as a result of such negligence, and believed such negligence existed and plaintiff was injured thereby, and there was no contributory negligence, and the injury was not due to misfortune or accident, then "I charge you the plaintiff would be entitled to recover in this case." Again, "If you find that the defendant was negligent in all, some or any of the particulars charged by plaintiff in her petition," you would determine if such negligence was the direct or proximate cause of injury. Again, "I charge you, if defendant was not negligent in any of the particulars charged in the declaration, or if negligent such negligence did not cause the injury of the plaintiff," or if the cause was negligence of plaintiff or the parties were equally negligent or the injury was due to misfortune or accident, or if plaintiff failed to exercise ordinary care to avoid the consequences of defendant's negligence, then you would return a verdict for defendant. The Court of Appeals affirmed the judgment overruling this ground, and error is assigned on that ruling in the petition for certiorari.

In *Central of Ga. Ry. Co.* v. *Keating,* 177 *Ga.* 345 (4b) (170 S. E. 493), this court, in reversing the Court of Appeals on certiorari, said: "The court erred in charging the jury that the plaintiff would be entitled to recover if he proved any one or more of his alleged grounds of negligence, where one of such grounds did not constitute a legal basis for recovery." The grounds of the demurrer to the alleged grounds of negligence was that it showed no duty upon the hospital, and hence would not authorize a recovery. The judgment sustaining that demurrer is an adjudication that it constituted no legal basis for a recovery. The same legal principle was again announced and applied in *Atlantic Coast Line R. Co.* v. *Godard,* 211 *Ga.* 373 (2a) (86 S.

E. 2d 311), where it was said: "The court erred in charging the jury that the plaintiff would be entitled to recover if he proved any one or more of his alleged grounds of negligence, where the ground above quoted did not constitute a legal basis for recovery." The two decisions just cited require a ruling here that the court erred in charging that the plaintiff would be entitled to recover if she proved that the defendant was negligent in "some one or more or in all respects and particulars named in plaintiff's petition," since obviously this charge authorized them to base a verdict for the plaintiff upon an alleged act of negligence that had been stricken from the case. The Court of Appeals appears not to have held the charge complained of not to be erroneous, but simply not harmful. They refer to other portions of the charge where the jury was correctly instructed by enumerating the acts of negligence relied upon and which did not include the specification here involved. In *Citizens & Southern Nat. Bank* v. *Kontz*, 185 *Ga.* 131 (2) (194 S. E. 536), it was held that, where an erroneous charge on a material issue is given, the error is not rendered harmless by a subsequent statement of the correct principle unless the court expressly calls attention to the incorrect statement and retracts it. To this same effect, see *Carter* v. *Parrish*, 154 *Ga.* 531 (114 S. E. 709) ; *Securities Inv. Co.* v. *Jett*, 59 *Ga. App.* 418 (1 S. E. 2d 69) ; *Mitchell* v. *Evans*, 67 *Ga. App.* 453 (20 S. E. 2d 782) ; *Metropolitan Life Ins. Co.* v. *Daniel*, 61 *Ga. App.* 90 (5 S. E. 2d 681) ; *Spalding Lumber Co.* v. *Hemphill*, 77 *Ga. App.* 1 (47 S. E. 2d 514). The jury must not be left to decide between conflicts in the charge. *Savannah Electric Co.* v. *McClelland*, 128 *Ga.* 87 (2) (57 S. E. 91). The erroneous charge is not cured by a subsequent correct charge when attention is not called to the previous erroneous charge. *Morris* v. *Warlick*, 118 *Ga.* 421 (45 S. E. 407) ; *Grooms* v. *Grooms*, 141 *Ga.* 478 (3), 480 (81 S. E. 210) ; *Atkinson* v. *Atkinson*, 159 *Ga.* 882 (127 S. E. 149) ; *City of Madison* v. *Bearden*, 22 *Ga. App.* 376 (96 S. E. 572) ; *Thomas* v. *State*, 34 *Ga. App.* 233 (128 S. E. 917). The foregoing authorities demand a judgment of reversal on this ruling.

■ The evidence utterly fails to prove that the patient was physically or mentally in such condition that the hospital was negligent in failing to put side rails on her bed. Her evidence

proved she was in sound health except the female trouble for which she was to be operated on. Her daughter testified that, because she had never been in a hospital, she was nervous. The uncontradicted evidence, however, is that the daughter left at approximately nine o'clock and that the patient was observed hourly thereafter by the nurses, and she was sleeping all the time until the accident. On this portion of the evidence, *Wills* v. *Emory University,* 94 *Ga. App.* 734 (96 S. E. 2d 220), would require a verdict for the defendant. Therefore, whether or not the verdict is authorized is dependent upon whether or not the patient's physician ordered side rails in a manner binding upon the hospital. His testimony is uncertain, confusing, and even contradictory. He said he did not usually order side rails until after the operation, that the usual method of giving such an order was to write it on the chart, but this was not always done, and he did not write any such order on the chart. To the testimony of the patient's daughter that she requested him to order side rails, and that he verbally instructed the nurse to put them up, he replied that he did not remember. Stating that he clearly remembered the daughter's telling him she wanted side rails, he said he did not carry through. While the daughter used the word "nurse" to describe the person to whom she said the doctor gave a verbal order to put up side rails, yet she said she did not know the person, had never seen her, did not notice whether or not she had on a uniform or any insignia, but on cross-examination she said she had on a uniform. This renders doubtful the conclusion of the witness that she was a nurse, but she further said she had a chart and was accompanying the doctor. We cannot, therefore, say that she was not an agent of the hospital to whom the order could be given.

Then whether or not the accident resulted from failure to put up side rails is dependent entirely upon the testimony of the patient, wherein she said she was sleeping and the first thing she knew was when she hit the floor. In the testimony of a number of nurses and a doctor who saw her and talked to her immediately after the accident, all agreed that she told them she had gotten up to go to the bath room, and did not want to disturb them, and that she was solely responsible for the accident. The

445

chart showed, in substance, what these witnesses testified. Here again, we can not rule as a matter of law that the evidence fails to support the verdict even though it is extremely doubtful. The Court of Appeals did not err in affirming the judgment overruling the general grounds of the motion for new trial.

For the reasons set forth in division one of this opinion, the Court of Appeals erred in affirming the judgment overruling special ground 1 of the amended motion for new trial and in rendering the judgment of affirmance.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*