22950. CLARKE v. THE STATE.

SUBMITTED MAY 11, 1965—DECIDED JULY 14, 1965—
REHEARING DENIED JULY 26, 1965.

*Hester & Hester, Frank B. Hester, Richard M. Hester,* for plaintiff in error.

*William T. Boyd, Solicitor General, Carter Goode, Paul Ginsberg, Eugene Cook, Attorney General, J. R. Parham,* contra.

QUILLIAN, Justice. ■ The verdict was supported by sufficient competent evidence. The record discloses no merit in the general grounds of the motion for new trial.

■ Ground 4 of the amended motion for new trial complains that, over timely objection of movant's counsel, the trial judge admitted the following testimony of a State's witness: "I had just walked in the office and was on the telephone at the time. Mr. Howell came in the door, my office door from outside and he told me . . . 'There are some suspicious looking Negroes around here at the station,' and I was listening to him, I put my hand on the phone. He said, 'I am going around here to see about them.'" The objection was that the testimony of the witness was hearsay and not admissible under any exception to the hearsay rule. Ordinarily the reason of the deceased for seeking the defendant or his purpose in going to the scene of the homicide expressed to another, but not communicated to the defendant, is hearsay and not admissible under *Code* § 38-302 to explain the conduct of the deceased. *Woolfolk v. State,* 81 Ga. 551 (8 SE 724); *Tiget v. State,* 110 Ga. 244 (34 SE 1023); *McCray v. State,* 134 Ga. 416 (7) (68 SE 62, 20 AC 101). But the testimony of the witness in the present case relating the conversation with the deceased, which occurred less than a minute before the homicide and within about 50 feet from the scene of the tragedy, was admissible as part of the res gestae, (*Thomas v. State,* 67 Ga. 460 (3)), and as explaining the conduct of the deceased. *Warrick v. State,* 125 Ga. 133 (1) (53 SE 1027); *Smith v. State,* 148 Ga. 467 (96 SE 1042); *Thompson v. State,* 166 Ga. 512 (143 SE 896); *Shirley v. State,* 168 Ga. 344 (1) (148 SE 91).

The ground is without merit.

■ Special ground 5 of the amended motion for new trial complains that the trial judge erroneously admitted over the timely objection of the defendant, now movant, the testimony of a State's witness, Detective J. L. Shattles, to wit: "Well, when we were going up the rear steps [to the defendant's apartment] we heard a discussion going on. . . We overheard them talking about a gun. He said when the police first came by I had the gun and I went up in the alley. The next time I seen the police I had already gotten rid of the gun." The witness admitted that he did not know whether the defendant himself made the statement, but stated that the defendant and Robert Moore were the only two in the apartment. In answer to a further question as to what statement he overheard, the witness testified: "Yes, sir, there was someone in the apartment talking about a gun and said when they first saw the police coming up the street, I had the gun and went in the alley and got rid of it. I came back and that is when I saw the detectives coming. That is all we overheard at that time."

The ground recites the evidence of the officer necessary to show the connection in which the quoted testimony was offered and admitted, but specifically confines the objection and assignment of error to the admission of the conversation the witness Shattles related he overheard. The objections to the evidence were: (1) "I want to object to this discussion unless this defendant was present." (2) "I want to object to this testimony unless this witness can identify who said it. It is highly prejudicial. I think the jury should be instructed to disregard such testimony. . . If it please the court, for example somebody might be talking about a bank robbery." (3) "Before he goes any further I want to object to any statement made by any other defendant. It is not binding on this defendant." (4) "Just for the record I would like to insist on the objection and all the testimony this witness testified to relating to a conversation that he cannot identify to any person including the man on trial be stricken from the record and so move it as being highly prejudicial to the defendant on trial."

The trial judge overruled the objections stating: "I will admit it for the purpose stated. This is the only consideration the

jury will give to the statement." Previously the trial judge ruled: "I will admit the testimony of the witness with reference to the statement that he overheard, as a statement which he heard but not identifying it to either one of the parties in the room."

Obviously the statement concerning the pistol could not be attributed to the defendant, for he was not identified as the person who made the same. But the State contends that applicable here is the rule: "Where a criminal enterprise between two co-conspirators is shown not to have terminated, declarations made by one of them during its pendency are admissible against the other." *Pressley v. State*, 205 Ga. 197 (1a) (53 SE2d 106).

The rule is, of course, sound, but is subject to the qualification that the declaration of a conspirator to be chargeable against a co-conspirator must be made concerning the subject matter of the conspiracy and not in reference to some other matter, compact or enterprise to which the spokesman and his confederate are parties. "The rule that when individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one of the conspirators is in legal contemplation the act of all, is subject to the qualification that each is responsible for the acts of the others only so far as such acts are naturally or necessarily done pursuant to or in furtherance of the conspiracy." *Handley v. State*, 115 Ga. 584 (41 SE 992).

The conversation recounted by the police officer constituted a declaration by one of the co-conspirators made concerning the subject matter of the conspiracy and during its pendency, and was sufficient to authorize the jury to find that such conversation related to an act done in pursuance or furtherance of the conspiracy. Hence, all evidentiary requirements were met and there was no error in the admission of such evidence. *Handley v. State*, 115 Ga. 584, supra; *Pressley v. State*, 205 Ga. 197, supra.

█ The sixth special ground of the amended motion for new trial complains of the admission, over timely objection of the defendant's counsel, of a series of answers to questions propounded on cross examination of Tommy Davis by the State's counsel in which the defendant's witness testified that he was

held as a material witness, was not charged with any larcenies, "just burglary and forgery"; that he had been interrogated by many police officers and they had written statements on crimes he committed, that "I said something about the crimes I committed"; that the police officers went into detail and discussed "these crimes" with him; that while riding on the morning of the homicide there was no discussion of any crime of violence or stealing; that he had nothing at his house from any burglary; that he refused to state, on the ground it would incriminate him, whether he participated in "these burglaries"; that two of his buddies were involved in "these crimes"; that the defendant and Jones were friends of his; that the apartment was not to operate a burglary or robbery business to keep things stored; that he was not worried about charges against him, he was out on bond on the cases referred to; that he was then in jail.

Upon the testimony being introduced, defendant's counsel interposed no formal objection. He merely remarked: "If it please the Court, the proper way to impeach this witness is to introduce copies of crimes involving moral turpitude." Counsel for the State insist the language employed was not technically sufficient to present any ground of objection. They cite *Pylant v. State,* 191 Ga. 587 (1) (13 SE2d 380), in which it is held: "The statement by the defendant's attorney in reference to testimony given by a witness for the State, "I don't see the relevancy of that,' did not amount to an objection; nor did the question, 'Does my brother intend to go into character?' referring to other testimony."

The rule as to the technical sufficiency of an objection to evidence is found in *Johns v. State,* 178 Ga. 676 (2) (173 SE 917): "Language which sets forth enough to make the ground of an objection sufficiently specific to be understood will be considered by this court." Just what the remark of counsel meant is not clear. Copies of crimes involving moral turpitude could be mere copies of statutes. The objection did not, as contended by movant's counsel, include an invocation of the principle that the witness could not be impeached by merely proving he was charged or indicted for criminal offenses, for no reference is made to that principle. The remark was not understandable and was no valid objection.

However, had the remark of counsel been technically sufficient to have constituted an objection to the evidence, the ground would have been without merit for another reason. Included in the evidence objected to was certain evidence which, without question, was admissible. The established rule is that, where an objection goes to the whole of the evidence, if any part of it is admissible, the objection is properly overruled. *Gully v. State,* 116 Ga. 527, 533 (42 SE 790). The admissible evidence consists of answers to questions concerning the associates, conduct and conversations of the witness, the defendant and his co-conspirator on the morning preceding the robbery and murder, the fact that the witness and these parties separated only about 2 hours before the crimes were committed, and the testimony of the witness that he was a friend of the defendant and Jones, who actually killed Mr. Howell. In 58 Am. Jur. 386, Witness, § 715, is the text: "It is competent, on cross-examination of a witness, to elicit facts which tend to show the bias, prejudice, or friendship of the witness for the party for whom he testifies, and to show hostility toward the party against whom he is called. This is entirely distinct from impeachment, which is governed by its own rules of evidence." The evidence as to the friendship of the witness and the defendant was of similar import to that held admissible in *Rewis v. State,* 109 Ga. App. 83, 85 (134 SE2d 875).

The record further discloses that the defendant's counsel on re-direct examination asked the same witness, "You are out on bond on these cases you were testifying about?" and received the answer, "Yes, sir." Whether or not certain testimony is admissible, its admission is not error where substantially the same evidence is introduced without objection. *Massey v. State,* 220 Ga. 883 (142 SE2d 832), and cases therein cited.

*Judgment affirmed. All the Justices concur, except Quillian, J., who dissents from the ruling in Division 3 of the opinion and from the judgment of affirmance, and Cook, J., disqualified.*

QUILLIAN, Justice, dissenting. I dissent from the holding of division three of the foregoing opinion. As I construe the evidence there was none adduced upon the trial that connected the pistol mentioned in the conversation overheard and quoted

by Detective Shattles with the robbery of the filling station or the murder of Mr. Howell. It is significant that the State could have produced evidence to identify the pistol referred to in the reported conversation as the murder weapon, or disclosed frankly that it was not the same. This is true because the State recovered the murder weapon and introduced it into evidence, but withheld the evidence as to the source or place from which the weapon was procured.

In my opinion, the admission of the quoted evidence was error and such error was hurtful to the defendant because, while the incident referred to in the conversation overheard by the officer was not shown to have been connected with the offense charged in the indictment, the conversation overheard by the officer did have the effect of impressing upon the jury that the defendant was involved in some crime of potential violence.