**James WARREN et al., Appellants,**

v.

**Richard A. CONNOR, Sheriff, City Court of Savannah, et al., Appellees.**

**No. 21853.**

United States Court of Appeals Fifth Circuit.

Aug. 29, 1966.

Howard Moore, Jr., Atlanta, Ga., Jack Greenberg, Charles H. Jones, Jr., New York City, James M. Nabrit, III, New York City, Sheila Rush, New York City, of counsel, for appellants.

Peyton S. Hawes, Jr., Albert Sidney Johnson, Asst. Attys. Gen., Atlanta, Ga., John W. Sognier, Savannah, Ga., Eugene Cook, Atty. Gen., Atlanta, Ga., for appellees.

Before BROWN, WISDOM, and THORNBERRY, Circuit Judges.

PER CURIAM:

The only significant procedural difference between this case and Tolg v. Grimes, 5 Cir., 1966, 355 F.2d 92, cert. denied, 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005 [June 13, 1966], is that here, instead of assuming jurisdiction to decide the substantive legal and factual issues presented by Appellants' petitions for habeas corpus, the District Court, adopting the contention of the State authorities, dismissed the petitions on the ground that Appellants had failed to exhaust available State remedies. In *Tolg* we held that "the passage of the Civil Rights Act of 1964, given the retroactive effect that was given it by Hamm v. City of Rock Hill, South Carolina, 1964, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, required the invalidation by a Federal Court on petition for habeas corpus of a State Court conviction under an antitrespass statute, invoked by a proprietor for the purpose of preventing access to his restaurant by persons on account of race." Before reaching this result, however, we considered the matter of exhaustion of state remedies and concluded that the District Court there had properly assumed jurisdiction to pass on the merits of the petition. The circumstances which compelled us to this conclusion are likewise present here, including the State's waiver of the failure to exhaust state remedies, or more appropriately, the State's candid recognition of the uncertainty of the availability of state remedies. Although in its brief and oral argument before the Court in this case the State vigorously asserted Appellants' failure to exhaust state remedies, the State Attorney General, in a formal postsubmission communication to the Court, responded to a specific inquiry from the bench as to what would occur were we to affirm thus sending petitioner back to the State Court. He frankly stated that "in both *Tolg* and *Warren*, we could not consistently urge the State Courts to take jurisdiction of this case on collateral review."

We, therefore, hold that the District Court erred in dismissing Appellants' petitions, and reverse. In *Tolg* we directed that the District Court grant the writ and order the petitioner's release because, after an evidentiary hearing, that Court had found, or the State had conceded, facts which brought the petitioner's conviction within the proscription of the Civil Rights Act of 1964. Here, however, since the District Court dismissed the petitions without a hearing, we remand for a hearing to determine whether, in light of *Tolg, Hamm,* and the Civil Rights Act of 1964, Appellants are entitled to the relief they seek. See State of Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 [June 20, 1966].

Reversed and remanded.