Johnny Lee **CLARKE**, Appellant,

v.

T. Ralph **GRIMES**, Sheriff, Fulton County, Georgia, Appellee.

No. 23905.

United States Court of Appeals
Fifth Circuit.

March 24, 1967.

Richard M. Hester, Frank B. Hester, Atlanta, Ga., for appellant.

Lewis R. Slaton, Sol. Gen., Paul Ginsberg, Asst. Sol. Gen., Atlanta, Ga., for appellee.

Before BROWN, GOLDBERG and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Johnny Lee Clarke is under sentence of death by electrocution by a Georgia state court for murder which arose out of an armed robbery. His petition for habeas corpus to the federal district court was dismissed without a hearing because he did not allege that he had exhausted his available remedies in the Georgia state courts.

His petition for habeas corpus raised two important questions. First, did the state court err in signing an order fixing the date of electrocution in the absense of appellant and his counsel; and, second, was the state court con-

viction void because of constitutional invalidity in selecting a jury which was qualified under the voir dire in accordance with Georgia's statutory law (1933 Code of Georgia, as amended, § 59–806) with the question, "Are you conscientiously opposed to capital punishment?" and the excuse for cause of all jurors who were so opposed.

The state court conviction was affirmed by the Georgia Supreme Court. Clarke v. State (1965), 221 Ga. 206, 144 S.E.2d 90. Appellant made no objection at the trial to jurors being qualified on the question of their conscientious scruples to capital punishment, or to the excuse for cause of those so opposed, nor was the point raised on his appeal to the Georgia Supreme Court. Admittedly no recourse has been had to the Georgia state courts for habeas corpus relief under this claim of constitutional invalidity of the jury.

We hold that the district judge was correct in denying the petition for habeas corpus in the absence of allegations that Clarke had exhausted his available remedies in the Georgia state courts. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner. See 28 U.S.C. § 2254. In Tolg v. Grimes, 5 Cir., 1966, 355 F.2d 92, cert. den. 384 U.S. 988, 86 S.Ct. 1887, 16 L.Ed.2d 1005 (1966), and Warren v. Connor, 5 Cir., 1966, 365 F.2d 590, we granted writs of habeas corpus and expressly held that exhaustion of state remedies was not a necessary prerequisite to the granting of such relief where the circumstances showed that the State Attorney General candidly recognized the uncertainty of the availability of state remedies and stated to the court that he could not consistently urge the state courts to take jurisdiction of these matters on collateral review.

In the present case, unlike *Tolg* and *Warren,* and in response to the request of the court at oral argument, the Solicitor General of the Atlanta Judicial Circuit, Honorable Lewis R. Slaton, has filed a formal written communication with us stating that in his view the Georgia state courts would entertain a habeas corpus petition by petitioner which asserts that his sentence is void because of the violation of constitutional rights.[1]

 Appellant has nevertheless urged that we not require him to exhaust state remedies because the Georgia law is quite clear that there is no constitutional invalidity in the death-qualifying procedure of jurors in state criminal trials. In Williams v. State (1966), 222 Ga. 208, 149 S.E.2d 449, the Supreme Court of Georgia held that a defendant was not denied due process of law as the result of the excuse of thirty-seven persons called for jury service who were conscientiously opposed to capital punishment. In Cherry v. State (1965), 220 Ga. 695, 141 S.E.2d 412, the Georgia Supreme Court held that a juror who on voir dire answers that he is conscientiously opposed to capital punishment is properly excused from service in the case. In a very recent case Pope v. United States, 372 F.2d 710, decided by the Eighth Circuit on February 13, 1967, it was held that there was no impropriety in the trial judge's dismissing for cause of ten jurors who had scruples against capital punishment. The court said that it has not been judicially recognized that persons who are not opposed to capital punishment are psychologically inclined against criminals and thus are not impartial. The court further said that being not opposed to capital punishment is not synonymous with favoring it and that persons may be completely without a controlling conviction one way or the other on the subject.[2] Perhaps it should therefore be predicted that the Georgia courts will again hold in this case, should a habeas corpus petition be filed there, that selection of the jury was not constitutionally void because the jurors were qualified on the issue of capital punishment and those opposed were excused for cause. Nevertheless, in the exercise of comity and good

1. Solicitor General Slaton's letter to the court in pertinent part reads as follows:

"It is our contention and position that if a defendant is detained under a sentence of the Court he could file a habeas corpus in the Courts of the State of Georgia and would have the right to show that the sentence was void by virtue of the fact that his constitutional rights had been violated.

"If this defendant files a habeas corpus in State Court we would file a response admitting and denying such allegations as we thought should be admitted or denied and the issue would thus be formed. Whereupon a hearing would be held and the defendant would be entitled to present such evidence in his behalf and argue such law in his behalf in order to endeavor to support his position that his constitutional rights had been violated.

"We would contest this issue to show that his constitutional rights were not violated under neither Georgia nor Federal law. After the trial of this issue, if the defendant was dissatisfied he could appeal to the Supreme Court of Georgia and if he was dissatisfied with the decisions of the Supreme Court of Georgia he could appeal directly to the Supreme Court of the United States."

Thereafter by supplemental letter Solicitor General Slaton stated in pertinent part as follows:

"If your Court sustains the District Court Judge and vacates the stay of execution, then the Petitioner in this case will be remanded to the trial judge in the Fulton Superior Court, and the trial judge will refix the date of execution. At that time the Petitioner in this case can then file a habeas corpus in this Court, alleging that his constitutional rights have been violated, and upon filing said habeas corpus, a stay of execution will be granted by the trial judge, which stay of execution will remain in effect until final determination of said habeas corpus regardless if the case goes all the way to the Supreme Court of the United States."

2. The Eighth Circuit cited Turberville v. United States, 1962, 112 U.S.App.D.C. 400, 303 F.2d 411, and United States v. Puff, 2 Cir., 1954, 211 F.2d 171, cert. den. 347 U.S. 963, 74 S.Ct. 713, 98 L.Ed. 1106, in support of its holding.

federalism as well as proper federal-state relations, the Georgia state courts should first have an opportunity to rule on this question as presented in this case. It would be unseemly in our dual system of government under these circumstances for a federal court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

In Giles v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737, decided February 20, 1967, a case filed originally in the Maryland state courts under that State's post-conviction laws, the Supreme Court noticed supervening matter not a part of the record before it (certain written police reports and interviews with witnesses) and ordered remand to the state courts stating that "Although relief may ultimately be denied, that the state courts should have the opportunity to decide in the first instance is a course consistent with comity, cf. 28 U.S.C. § 2254, * * *." The Court in Giles (quoting from Ex parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868) further said, "This Court has 'discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the States, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution.'"

Under the Georgia Code § 50–101, any person restrained of his liberty under any pretext whatever may sue out a writ of habeas corpus to inquire into the legality of such restraint. The reasons for appellant's failure to object at his trial in the state court to the death qualification of jurors are not apparent in this record and it may be that it can be asserted in the state courts that there has been an intentional waiver of a constitutional right which conceivably might defeat appellant's petition. This Circuit has held in several cases that a state criminal defendant's failure to object to jury composition will not constitute a waiver barring relief on federal habeas corpus. See the thorough opinion of Judge Bell on this subject in Cobb v. Balkcom, 5 Cir., 1964, 339 F.2d 95, a Georgia case.

We are, of course, unable to say what the Georgia state courts will do in this case,[3] nor can we say if there was an intentional waiver of a constitutional right in connection with the selection of the jury on the death qualification issue that Georgia may not say that appellant has lost his right to raise this point. Until the Georgia courts make their ruling under the facts and circumstances of this case, we will retain jurisdiction for the purpose of continuing the stay of execution, provided appellant immediately files and diligently prosecutes to a prompt conclusion his habeas corpus petition in the Georgia state courts.

■ It is unnecessary that we pass on the first point raised by appellant, that is, that his date of execution was fixed without his being personally present or having counsel present, because the date of electrocution fixed for May 5, 1966 has now passed and the issue is moot.

Affirmed.

---

3. One uncertainty, of course, is whether habeas is open to test this claim. Without for a moment casting doubt on the good faith of the Solicitor's representations to this Court (see note 1, supra), the Georgia Supreme Court, in no way bound by counsels' positions, may hold that habeas is not available to reach this particular claim of unconstitutionality. As our opinions in Cobb v. Balkcom, 5 Cir., 1964, 339 F.2d 95, and Smart v. Balkcom, 5 Cir., 1965, 352 F.2d 502, and others reflect, it must be recognized that in contrast to many other jurisdictions, Georgia limits availability of habeas very narrowly.