## 33088. LLEWELLYN v. THE STATE.

NICHOLS, Chief Justice.

Appellant was tried and convicted on three counts of murder. He was given a life sentence on each count to run

concurrently. His motion for new trial was overruled and he appeals.

Appellant and the victim Winokur were competitors in the homosexual nightclub business. Appellant hired Schneider to set fire to Winokur's nightclub. Schneider set the club on fire, causing very little damage. The next day when Schneider went to collect from appellant, he was informed that he would have to do the job over before he would be paid. In addition, appellant wanted Winokur killed. Schneider enlisted the aid of two friends, Day and Millirons. Another unsuccessful attempt to burn Winokur's nightclub was made. Schneider was informed by appellant that Winokur would have to be killed immediately. Schneider was told by appellant that Winokur was in Florida buying a new car and would return late on a certain night; that Schneider was to conceal himself in Winokur's home and kill him when he arrived at the house. When Schneider, Day and Millirons went to Winokur's house, they found King and Stamm, two of Winokur's friends. The three tied up King and Stamm. When Winokur came home, he also was tied up. Winokur, King and Stamm then were transported to a wooded area where they were shot several times in the backs of their heads by Schneider and Millirons. Their decomposed bodies were found several weeks later covered with brush. Schneider and Day testified as state witnesses at appellant's trial.

1. The first enumeration of error contends the trial court erred in failing to direct a verdict of not guilty and in failing to enter a judgment of acquittal on all three counts because the testimony of the accomplice Schneider was not sufficiently corroborated.

Specifically, appellant argues in his brief that the record does not establish that the testimony of Schneider was corroborated as to the identity and participation of appellant in the crimes committed. An accomplice's testimony must be corroborated by independent evidence as to the identity and participation of the accused which tends to connect the accused with the crime. Code Ann. § 38-121; *Birt v. State,* 236 Ga. 815, 824-826 (225 SE2d 248) (1976). In denying the motion, the trial court found slight evidence of corroboration connecting the accused

with the crime. See *Carter v. State,* 237 Ga. 617, 618 (229 SE2d 411) (1976). The issue before this court, therefore, is whether or not that finding is supported by any evidence. *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650) (1976).

The accomplices Day and Schneider corroborated each other's testimony as to conversations with the appellant. *Hackney v. State,* 233 Ga. 416 (7) (211 SE2d 714) (1975); *Jones v. State,* 235 Ga. 103 (3) (218 SE2d 899) (1975). Furthermore, there was evidence of appellant's efforts to silence Day and Schneider or to influence them not to testify against him from which a conclusion could have been reached that appellant was attempting to conceal the conspiracy of which he was a part. See *Hamby v. State,* 82 Ga. App. 7, 13 (60 SE2d 635) (1950). Additionally, there was evidence of recent threats made by appellant against Winokur. See *Jackson v. State,* 64 Ga. 344 (5) (1879).

There is no merit in this enumeration of error.

2. The second enumeration of error contends the trial court erred in not declaring a mistrial after it was discovered that portions of the court's charge were sent out with the jury. On the third day of jury deliberation and just before the verdict, it was discovered that a copy of two of the charges given by the court and one of appellant's requests to charge were inadvertently mixed up with the documentary exhibits and were in the possession of the jury. The charges involved were those given by the court on corroboration and conspiracy and the requested charge by defendant was that no inference should arise from defendant's failure to testify. Appellant made no objections to the court's charge and his requested charge was favorable to his case, to say the least.

In Estes v. United States, 335 F2d 609 (cert. den. 379 U. S. 964 (85 SC 656, 13 LE2d 559) (1964)), the jury requested a recharge on fraud and conspiracy to defraud. The court drafted and sent to the jury a definition of fraud and conspiracy. The appeals court held at p. 618: "We conclude, however, that the matters complained of were not error to reverse, it not being apparent from the record that there was prejudice to appellant's substantial rights." In Copeland v. United States, 152 F2d 769, 770 (cert. den. 328 U. S. 841 (66 SC 1010, 90 LE 1815) (1946)),

the court held: "The jury wished to take the written instructions with them to the jury room. Since counsel for both sides advised the court to refuse this request, the court quite properly did so. But we think it is frequently desirable that instructions which have been reduced to writing be not only read to the jury but also be handed over to the jury. This course is required in some states, and is widely practiced. United States courts are free to follow it. We see no good reason why the members of the jury should always be required to debate and rely upon their several recollections of what a judge said when proof of what he said is readily available." Since there is no contention that the charges were not correct statements of the law and the requested charge was favorable to the appellant, the error, if any, is harmless. This enumeration of error is without merit. See *Proctor v. State,* 235 Ga. 720, 724 (221 SE2d 556) (1975).

3. The third enumeration of error contends the trial court erred in failing to direct a verdict as to Counts 2 and 3 of the indictment. Appellant argues that since the conspiracy was only to kill Winokur, the killing of King and Stamm was an original undertaking of Schneider, Day and Millirons and was not imputable to him.

In *Handley v. State,* 115 Ga. 584 (41 SE 992) (1902), the accused, his son, and others went to the home of the prosecutor for the purpose of helping the prosecutor's daughter run away with and marry the accused's son. When the daughter did not appear on time according to the plans, one of the group other than the accused cursed within the hearing of the prosecutor and his wife. The accused was indicted and convicted for cursing in the presence of a female. This court held that assuming, without deciding, that the common purpose of the group in assisting with the elopement and marriage was unlawful, that the cursing was not only not contemplated by those who entered into the common purpose or design but, as well, was not in furtherance thereof nor was it the natural or necessary consequence thereof; hence, that only the person who actually committed the act would be legally responsible.

In *Smith v. State,* 230 Ga. 876 (199 SE2d 793) (1973), the appellant was convicted of the murder of two persons

who were killed by another person because they were witnesses to the commission of a Saturday night burglary in which the appellant did not participate. The theory upon which the district attorney had indicted the appellant was that although appellant only had conspired to commit the Wednesday night burglary, the murders of the witnesses to the Saturday night burglary were imputable to him because they were committed by a conspirator to cover up his participation in the Saturday night burglary, the discovery of which would have led directly to discovery of the participants in the Wednesday night burglary, including appellant. This court held that: "The murder of the officer and his companion, to prevent an investigation of a crime in which the appellant was not involved, was not an act naturally or necessarily done in pursuance of the conspiracy in which he may have been involved." 230 Ga. at p. 880. The present case is distinguishable from *Handley* and *Smith* in that the killings of King and Stamm, although not originally a part of the conspiracy to kill Winokur, were done in pursuance or in furtherance of the conspiracy to kill Winokur and were natural consequences of that conspiracy in that they were done to conceal and to hinder or to prevent the investigation of the crime in which appellant *was* involved as a conspirator—that is, the murder of Winokur. Since this was the case, appellant could be found guilty of the murders of Stamm and King despite his absence from the scene and despite the fact that he was not a party to any express agreement to kill Stamm or King. *Jackson v. State,* 225 Ga. 39 (4) (165 SE2d 711) (1969). It long has been the law that a conspiracy continues during the concealment phase of the crime. *Evans v. State,* 222 Ga. 392 (15) (150 SE2d 240) (1966).

The court did not err in failing to direct a verdict of acquittal as to Counts 2 and 3 of the indictment.

4. The fourth enumeration of error complains that the court erred in admitting into evidence testimony about an alleged statement by appellant's mother, who was appellant's business partner, that she "would either own or burn down all the gay bars in Atlanta."

The question first was asked of appellant's mother by the state during cross examination for purposes of

impeachment. After she denied making the statement, the state in rebuttal elicited testimony from the publisher of a gay newspaper that appellant's mother had in fact made the statement to him. No objection was made to this line of inquiry by counsel for appellant, who merely requested the court to instruct the jury that the evidence was submitted only for impeachment. The court complied with the request and so instructed the jury.

This enumeration of error is wholly lacking in merit. *Clenney v. State,* 229 Ga. 561, 563 (3) (192 SE2d 907) (1972); see also *Jacobs v. State,* 71 Ga. App. 808 (3) (32 SE2d 403) (1944).

5. The fifth enumeration of error contends the state failed to prove venue. Two police officers testified that the bodies were found in Fulton County. In addition, there was other evidence to support the jury's finding that the crimes were committed in Fulton County. There is no merit in this enumeration of error. *Johns v. State,* 239 Ga. 681 (1) (238 SE2d 372) (1977).

6. The sixth enumeration of error complains of the admission of testimony of the accomplices relating to the murders of King and Stamm. In view of the ruling in Division 3, there is no merit in this enumeration of error.

7. The remaining enumeration of error was not argued and is deemed abandoned. Rule 18 (c) (2) of this court.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1978 — DECIDED APRIL·3, 1978 — REHEARING DENIED APRIL 19, 1978.

*Thompson & Petrella, Frank J. Petrella, Roger Thompson,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

ON MOTION FOR REHEARING.

Appellant urges in his motion for rehearing that this court has overlooked the fact that the trial court's Exhibit

"D" went out to the jury with the written charges of the court that are discussed in Division 2 of the opinion. Exhibit "D" was a list made by the trial court of witnesses and documentary evidence for the state and for the defense.

The sending of Exhibit "D" out with the jury was not enumerated as error. Accordingly, this court did not rule on the question of whether or not it was error for the jury to have access to Exhibit "D." However, had the issue been presented for decision, the judgment of the trial court nonetheless would have been affirmed because appellant's contentions regarding Exhibit "D" are without merit.

*Motion for rehearing denied.*