13777.   BRINKINS *v.* THE STATE.

In view of the counter-showing made by the State, this court can not hold that there was an abuse of discretion by the trial judge in overruling the ground of the motion for a new trial based on alleged misconduct of the bailiff or of the jurors.

The evidence demanded the verdict.
DECIDED NOVEMBER 14, 1922.

Indictment for sale of liquor; from Camden superior court — Judge Highsmith.   June 10, 1922.

*S. C. Townsend,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

BLOODWORTH, J. 1. A ground of the motion for a new trial alleges misconduct on the part of the bailiff in charge of the jury and of the jurors themselves, in that the bailiff remained in the room where the jurors spent the night, and that "said case was freely and continuously discussed with and in the presence of said bailiff." Under the counter-showing made by the State, this court cannot say as a matter of law that the trial judge abused his discretion in overruling this ground of the motion for a new trial. The contention that the bailiff, while in charge of the jury, slept in the same room and discussed the case with them was sufficiently met and explained. See *Jackson* v. *State,* 152 *Ga.* 210 (2) (108 S. E. 784); *Marshman* v. *State,* 138 *Ga.* 864 (1) (76 S. E. 572); *Jones* v. *State,* 136 *Ga.* 157 (1) (71 S. E. 6); *Jones* v. *State,* 135 *Ga.* 357 (2), 359 (2) (69 S. E. 527); *Tolbirt* v. *State,* 124 *Ga.* 767 (1), 770 (53 S. E. 327).; *Glover* v. *State,* 129 *Ga.* 717 (1) (59 S. E. 816).

2. The evidence demanded the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*