17078.   SLOAN *v.* THE STATE.

BLOODWORTH, J.   1. "It is well settled by repeated rulings of the Supreme Court and of this court that where evidence is objected to, and the court admits the evidence temporarily, and no subsequent objection is made, or no motion made to rule it out, the admission of the evidence furnishes no ground for a motion for a new trial." *Board of School Commissioners* v. *Tuggle,* 33 *Ga. App.* 689 (127 S. E. 622). This ruling disposes of the ground of the amendment to the motion for a new trial numbered 5.

2. Error is alleged in allowing in evidence the following: "Did you find any number of guns in the house?" Answer: "Yes, sir." This ground of the motion will not be considered. To ascertain whether the admission of this evidence was error it would be necessary to refer to the brief of evidence, and this court is not required to do that. Each ground of the motion for a new trial must be complete and understandable within itself. *Crawford* v. *State,* 33 *Ga. App.* 612 (2) (127 S. E. 415); *Hogg* v. *L. & N. Railroad,* 33 *Ga. App.* 774 (127 S. E. 830).

3. Certain evidence was objected to as "hearsay." This evidence was a part of a conversation, and, when considered in connection with the other evidence, its admission, even if error, was not such a material one as would require the grant of a new trial. See in this connection Penal Code, § 1023; *Coleman* v. *State,* 127 *Ga.* 282 (56 S. E. 417).

4. A ground of the motion for a new trial alleges misconduct on the part of the officer in charge of the jury during the trial of the accused.

Criminal Law, 16 C. J. p. 1146, n. 52; 17 C. J. p. 88, n. 48 New; p. 248, n. 3; p. 252, n. 15; p. 317, n. 10,

Under the counter-showing made by the State, this court can not say as a matter of law that the trial judge abused his discretion in overruling this ground of the motion. *Brinkins* v. *State*, 29 *Ga. App.* 189, 190 (114 S. E. 721), and cit.

5. There was some evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MAY 12, 1926.

Conviction of sale of liquor; from Whitfield superior court—Judge Tarver. November 28, 1925.

*George G. Glenn, A. L. Henson, J. M. Lang,* for plaintiff in error.

*C. C. Pittman, solicitor-general,* contra.