20637. DUNCAN *et al. v.* THE STATE.

DECIDED JULY 15, 1930.

*Jones, Evins, Powers & Jones, Branch & Howard, Astor Merritt, D. S. Strickland,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

LUKE, J. The indictment in this case alleges that J. T. Duncan and G. T. McLarty, being officers of a bank, received money on general deposit in said bank, knowing that it was insolvent, which

deposit resulted in loss to the depositors. Plaintiffs in error assign error on the overruling of demurrers to the indictment. Counsel for plaintiffs in error in their brief say: "Indictment was demurred to on several grounds, but the only ground that will be insisted upon here is the one pointing out that the indictment does not allege that either of the defendants actually participated in receiving the deposit;" and in their brief they deal at length with the punctuation and grammatical construction of the indictment. The indictment, under any reasonable construction, does allege that the defendants *received* the money on general deposit. The exact language and punctuation of the indictment is as follows, except that this court, for the sake of illustration, has cut off by parenthesis the language contained between the subject and the predicate: "The grand jurors . . in the name and behalf of the citizens of Georgia, charge and accused J. T. Duncan and G. T. McLarty of the county and State aforesaid with the offense of a felony for that the said *J. T. Duncan and G. T. McLarty* (on the 25 day of February, 1928, in the year of our Lord nineteen hundred and 28 in the county aforesaid, did then and there, unlawfully and with force and arms: J. T. Duncan being then and there president of the Douglasville Banking Company, a chartered bank incorporated under the laws of Georgia, and G. T. McLarty being then and there cashier of said Douglasville Banking Company, said chartered bank incorporated under the laws of the State of Georgia, said J. T. Duncan and said G. T. McLarty being such officers of said bank and having charge and control of said bank,) *did receive* in said bank money on general deposit as follows, to wit: eighty nine dollars ($89.00) eighty seven dollars of said deposit being lawful currency of the United States and two dollars in silver, of the value of $89.00) from Banks Brothers, a partnership, firm composed of J. M. Banks and J. B. G. Banks, said bank being insolvent at the time of so receiving said deposit, and said insolvency being *well known to said accused at the time of so receiving* said deposit and loss and injury having resulted to said depositors as a result of having made said deposit. . . ." (italics ours).

In addition to the foregoing the following shows an allegation that the defendants received the money: "*J. T. Duncan* being then and there president of the Douglasville Banking Company, a chartered bank incorporated under the laws of Georgia, *and G. T. Mc-*

*Larty* being then and there cashier of said Douglasville Banking Company, (said chartered bank incorporated under the laws of the State of Georgia, said J. T. Duncan and said G. T. McLarty being such officers of said bank and having charge and control of said bank,) *did receive* in said bank money on general deposit as follows." (Italics and parenthesis ours.)

In addition to the foregoing the following shows an allegation that the defendants received the money: "said *J. T. Duncan and said G. T. McLarty* (being such officers of said bank and having charge and control of said bank,) *did receive* in said bank money on general deposit as follows." (Italics and parenthesis ours.)

While the grammatical construction and the punctuation of the indictment are not entirely correct, yet, eliminating a strained construction and applying a reasonable construction to the allegations of the indictment, it unquestionably sufficiently alleges that the defendants received the money. "It is a well settled rule in this State, that the language of an indictment is to be interpreted liberally in favor of the State" (*Green* v. *State,* 109 *Ga.* 536, 540, 35 S. E. 97); and where an indictment alleges the offense in the language of the statute, and in such manner as to put the accused on notice of the charge against them, and "so plainly that the nature of the offense charged may be easily understood by the jury," grammatical errors will not vitiate it. See Ga. L. 1919, pp. 212, 219. As stated in *Studstill* v. *State,* 7 *Ga.* 2, 17, the provision of law contained in section 954 of the present Penal Code "was obviously intended to sweep away all technical exceptions to indictments; and such is the character of the one under discussion."

The court did not err in overruling the demurrers to the indictment.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*