29784.   POWELL *et al.*, receivers, *v.* STERN.

DECIDED FEBRUARY 17, 1943.   REHEARING DENIED APRIL 1, 1943.

*T. M. Smith, MacDougald, Troutman & Arkwright,* for plaintiffs in error. *Moise & Post, Sidney Haskins,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The first question for decision is whether under the facts of the case the defendant was negligent in reicing the fish without adding salt to the ice. The shipping instructions, as shown by the brief of the evidence, read as follows: "Iced to capacity at Glou., Mass., with crushed ice and 15% salt. Stop-over in Boston, Mass., New Haven Railroad Commonwealth Ice & Cold Storage Co., Northern Ave., for partial loading by Genoa Fisheries. Reice at Potomac Yds., and all regular reicing stations between there and destination."

A witness for the plaintiff testified, that he was familiar with the shipping of frozen fish and with the customs and practices of that business; that when a car of fish had been originally iced with ice and salt, the reicing of it without salt would cause the fish to thaw out and to become "distress merchandise;" that it is the almost universal custom to reice with salt a car of frozen fish where the car was originally iced with ice and salt; and that the necessity of using salt in so reicing is generally known to people, including the railroads, who handle fish. The witness further stated: "I would say from the instructions on the bill of lading that it was clearly intended that all subsequent reicing should be the same as the original; in fact the very wording means to repeat, and you could not repeat the original icing without using salt, if you did it properly." It was shown by the undisputed evidence that the

fish in question were iced by the shipper at Gloucester with crushed ice and fifteen per cent. salt, and that they were completely frozen and in perfect condition. The plaintiff testified that he had been in the fish business and the business of shipping fish for eleven years, and that he knew that reicing frozen fish without salt will cause them to thaw out, and that when thawed out they must be sold immediately, or they will spoil; that when the fish reached Camp Blanding the army inspector refused to accept them, on the ground that they had thawed out, but finally accepted the amount ordered for the army, about ten thousand pounds; that it was impossible to sell the rest of the fish, about four thousand pounds. at Camp Blanding, there being no market for them there, and the best thing to do was to haul them to Atlanta in an insulated truck and attempt to refreeze them; that the fish were so hauled to Atlanta, and some of them froze, but the rest were spoiled.

The defendant contends that the first sentence of the shipping instructions, "Iced to capacity at Glou., Mass., with crushed ice and 15% salt," was a mere "declaratory sentence" and no part of the shipping instructions. Even if that be conceded, the sentence certainly was sufficient to put the carrier on notice that the shipment was originally iced to capacity with crushed ice and fifteen per cent salt; and under the evidence it then became the duty of the carriers, including the defendant, to reice the shipment with that amount of salt. The defendant further contends that under the tariffs in force (the tariffs having been put in evidence by the defendant), and the facts of the case, the defendant was not required to reice the shipment with salt. The tariff rule in question, "No. 405 (shipper's instructions)" was as follows: " (A) Shipper must declare in writing to the initial carrier, at loading station, if the car is to be initially iced by carrier, also whether or not to be iced or reiced in transit or to be transported without icing or reicing. If salt be desired, shipper must specify the percentage. The term '. . per cent. of salt' refers to the ratio of salt to weight of ice supplied covering each icing or reicing. (B) Shipper must make one of the following declarations on shipping order and bill of lading (see Rules Nos. 130 and 135), and similar notations must be indorsed by agent on waybill: (1) 'Ice to capacity with (crushed, coarse or chunk) ice at all regular icing stations.' (2) 'Ice to . . capacity with (crushed, coarse or chunk) ice at all

regular icing station.' (3) 'Ice to capacity with (crushed, coarse or chunk) ice and . . per cent. salt at all regular icing stations.' (4) 'Ice to . . capacity with (crushed, coarse or chunk) ice at (specify regular icing stations).' . (8) 'Ice to capacity with (crushed, coarse or chunk) ice and . . per cent. salt at (specify icing stations) and oftener if delayed.' "

We think, under the undisputed evidence, that the shipping instructions given to the carrier by the shipper were sufficient to inform it that the car was to be reiced to capacity with crushed ice and fifteen per cent. salt at Potomac Yards and at all regular icing stations between there and Camp Blanding. In our opinion, the judge was authorized to find from the stipulations and the evidence that the carriers, including the defendant, were negligent in transporting the shipment without reicing it with salt, and that such negligence resulted in damage to the plaintiff in the amount of $655, as found by the court.

Special grounds 1 and 2 of the motion for new trial complain of the admission of certain testimony introduced by the plaintiff. In ground 1 it appears that when the testimony was objected to, the judge said: "This being without a jury, I am going to let him go ahead. I will pass on it all together." It appears in ground 2 that when the testimony complained of was objected to, the court made the following ruling: "He [the witness] has already gone into the custom of the trade in certain types of fish. Being without a jury, I am going to let him answer. I am going to rule on all these." It therefore appears from each of these grounds that the court's ruling on the objections to the testimony in question was not decisive or final, but left the way open for the objections to be renewed later on. The objections not having been renewed, and no motion having been subsequently made to rule the testimony out, the admission of the evidence furnishes no ground for a new trial. *Sloan* v. *State,* 35 *Ga. App.* 347 (133 S. E. 269). The remaining grounds are merely elaborations of the general grounds, and show no cause for reversal of the judgment.

This court not being satisfied that the writ of error was sued out for the purpose of delay only, the motion that damages be assessed against the plaintiff in error is denied.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*