45048. McGEE v. THE STATE.

SUBMITTED JANUARY 6, 1970—DECIDED FEBRUARY 18, 1970.

222

*Hendon & Henley, E. J. Hendon, Jr.,* for appellant.

*Richard Bell, District Attorney, Dennis F. Jones,* for appellee.

QUILLIAN, Judge. ■ Enumerations of error numbers 1, 2, 3 and 4 complain of the admission of Brooks' testimony in regard to certain statements that were made by third parties out of the presence of the defendant. There was evidence that: Brooks was attacked by the defendant and the four other people named in the indictment; that the defendant held Brooks while the other four cut and struck him. The statements admitted in evidence were made during the time of the attack or nearly connected therewith. Therefore, the declarations grew out of the main fact, were contemporaneous therewith and were admissible in evidence as part of the res gestae. *Hill v. State,* 17 Ga. App. 294 (1) (86 SE 657); *Clarke v. State,* 221 Ga. 206, 210 (144 SE2d 90); *Elkins v. State,* 222 Ga. 746 (1) (152 SE2d 377).

■ Enumerations of error numbers 5, 7 and 8 assign as error the admission in evidence of a bloodstained coat Brooks was wearing at the time he was attacked and pictures showing the wounds he received. The nature of the wounds as well as the cuts in Brooks' coat were admissible to show the type of the weapons used in the assault. *Mitchell v. State,* 38 Ga. App. 360 (1) (144 SE 15); *Goodwin v. State,* 148 Ga. 33 (3) (95 SE 674); *Vanleeward v. State,* 220 Ga. 135, 140 (137 SE2d 452).

■ The 6th enumeration of error contends that the admission of Ronnie Bachelor's testimony as to the injuries he received at the scene was error. However, the trial judge's response to counsel's objection stated: "If it is not connected, the court on proper motion, will rule it out later. I will let it be in for the time being." Where evidence is allowed temporarily and no subsequent objection or motion to rule out is made the admission

of the evidence is not error. *Sloan v. State,* 35 Ga. App. 347 (1) (133 SE 269).

■ The appellant assigns as error the following instruction to the jury: "Now, gentlemen of the jury, you are not in any way concerned with any of the named defendants except Ricky James McGee, the defendant on trial. You are not concerned with the charges as set forth in the indictment as to the other named defendants that are listed jointly with Ricky James McGee." It is argued that the charge was confusing to the jury. In addition to the above quoted charge, the court charged the jury as to what a conspiracy consisted of; that if no conspiracy were shown each person would be responsible only for his own acts; how a conspiracy could be shown; that the acts of each person in a conspiracy as to the common intent bind all, and "If you find there was no conspiracy or if there was a conspiracy and the defendant did not participate in the common intent and purpose to do what was done, or if what was done was not that which is alleged in the indictment, then anything done by any other person would not be binding upon the defendant in this case." Considering the charge as a whole the giving of the instruction objected to was not error.

■ Enumerations of error numbers 11 and 12 argue that the evidence did not authorize a charge to the jury on conspiracy. As stated above there was evidence that the defendant held Brooks while four of his companions cut and struck him. The giving of the charge was not error. *Hand v. State,* 90 Ga. App. 452, 456 (83 SE2d 276).

■ The remaining enumeration of error states that the trial judge erred in failing to further instruct the jury that if they found there was no conspiracy they could not convict the defendant. Considering the charge as a whole the enumeration of error is without merit.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*