49984. CARNEY et al. v. THE STATE.

Quillian, Judge.
The defendants were indicted, tried and convicted for violation of the Georgia Drug Abuse Control Act, involving the possession of over 1 ounce of marijuana. Each of the defendants was sentenced to 18 months in the penitentiary and they appealed from the overruling of their motion for new trial. *Held:*

1. (a) The defendants were arrested while cultivating alleged growing marijuana plants in a field some distance from any known habitation. The marijuana plants were growing between rows of corn. The contentions made by the defendants with regard to their motion to suppress are controlled adversely to them by the recent ruling of *Patterson v. State,* 133 Ga. App. 742.

(b) It is contended that the marijuana constituted part of the realty which was owned by the father of one of the defendants. Hence, it is urged that the defendants

were not in possession of such marijuana plants. The illegal marijuana here was not part of the realty and thus could be considered in the possession of the defendants. See in this connection *Miller v. Jackson,* 190 Ga. 668 (10 SE2d 35); Code Ann. Ch. 79A-9, especially Code Ann. § 79A-903 (5) (Ga. L. 1967, pp. 296, 344 as amended; 1970, pp. 470, 471). See also Code §§ 85-1901 and 85-1902.

2. There was sufficient evidence to convict the defendants for possession of marijuana. Such material was not insufficiently identified as proscribed marijuana as a matter of law.

3. Error is assigned to the overruling of the defendant's motion to quash which attacked the composition of the grand jury and traverse jury because it was contended that to excuse women under "Ga. Code 59-112 (d)" would deprive the defendant of "due process of law." In this court the defendant's brief merely restated the motion to quash except that it was now contended that the jury selection was "in violation of the 6th Amendment of the U. S. Constitution and similar state constitutional provision."

The brief also recites: "Furthermore, the § 59-112 (d) is unconstitutional on its face in that it grants women an exemption from jury duty but not men and thereby violating their rights to equal protection of the law."

A mere recital in the brief of the existence of a ground of error without argument or citation of authority is insufficient to save it from being treated as abandoned. *Schmid v. State,* 226 Ga. 70, 71 (172 SE2d 616). Where the objection urged below is not argued here it must be treated as abandoned and where an entirely different objection is presented in this court, we do not consider it since we are limited to those grounds urged in the trial court. *Wright v. Dilbeck,* 122 Ga. App. 214 (12) (176 SE2d 715); *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675); *Holiday Homes v. Bragg,* 132 Ga. App. 594, 597 (208 SE2d 608).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED JANUARY 9, 1975 — DECIDED APRIL 21, 1975 — REHEARING DENIED MAY 14, 1975 —