## 52883. McLEAN v. THE STATE.

McMurray, Judge.

Defendant was convicted of theft by taking and sentenced to serve a term of three years. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. Whether the inference of guilt should arise from recent possession of stolen goods is a question for the jury. *Coe v. State,* 37 Ga. App. 82 (138 SE 919); *Shaneyfelt v. State,* 24 Ga. App. 555 (2) (101 SE 592).

2. The first three enumerations are concerned with the sufficiency of the evidence and whether or not same was sufficient to exclude every other reasonable hypothesis save the guilt of the defendant. The state proved that a mobile camper was left locked at a service station in Muscogee County on the night of August 17, and the following morning of August 18, 1975, at approximately 4:45 a.m., a patrolman with the Columbus police department observed a suspect running from the service station parking lot. The suspect, a juvenile, was caught and upon investigation, the officer found the mobile camper on the parking lot with the doors open and in a ransacked condition. The owner, when called, found numerous articles of equipment missing therefrom. On September 25, 1975, a search was conducted of the defendant's dwelling and three items which the owner swore were items stolen from his camper were recovered.

The state positively proved a theft occurred on August 17 or 18, 1975, and that certain items were removed from the parked camper. Thereafter there was positive testimony by the owner that these items were recovered on September 25, 1975, at the home of the defendant. The defendant admitted the possession of the items but contended they were his property and had been purchased and in his possession on or before August 17, 1975. Defendant argues that the state did not exclude every hypothesis save the guilt of the defendant, since no evidence was offered as to the suspect seen running from the vicinity of the camper on August 18, 1975, in the early morning hours. To warrant a conviction on circumstantial evidence the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude

every other reasonable hypothesis save that of the guilt of the accused. *Mathis v. State,* 104 Ga. App. 190 (121 SE2d 267). Here the state's evidence in no way showed that the suspect seen running from the scene was not engaged in any criminal activity relating to the offense charged in this case. But the conviction is not based on circumstantial evidence alone, and there was positive testimony of a break-in, the missing items from the camper and the finding of same in the possession of the defendant a little over a month later. The evidence was sufficient to support the verdict of guilty, since all of the issues involved were jury questions.

3. During cross examination of the defendant it was determined that he owned a $1,900 boat, yet he had requested the court that counsel be appointed for him since he was unable to pay same. This was disclosed during cross examination as to whether or not defendant was in desperate need of money. In the ruling on the relevancy of this evidence, the court commented, "I don't think so . . ., and also I am interested in having the county reimbursed for whatever expenses. . ." No motion for mistrial or other objection was made to the comment of the court at that time, and same is now made for the first time in this court. Objection must be made in the lower court during the trial and may not be raised for the first time on appeal. Nor was it raised in the motion for new trial. See in this connection *Nicholson v. State,* 133 Ga. App. 819, 820 (2) (212 SE2d 474); *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224), and cits. See also *Cauley v. State,* 137 Ga. App. 814, 815 (1) (224 SE2d 794).

4. Having considered every enumeration of error argued by the defendant and finding no reversible error, the case is affirmed.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted October 13, 1976 — Decided October 27, 1976.

*Cain & Cain, William S. Cain,* for appellant.
*Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney,* for appellee.