## 54099. WILLIAMS v. THE STATE.

DEEN, Presiding Judge.

The defendant, proprietor of an Atlanta antique store, appeals from a conviction of four felony counts of receiving stolen goods plus one misdemeanor count. The case involves four search warrants, all of which were considered in motions to suppress, and two multicount indictments, the first of which was nol-prossed after a number of demurrers were sustained. It further appears without dispute that the defendant purchased a number of items of silver from two of the state's witnesses who confessed to having stolen it from various residential households and who eventually cooperated with the police to the extent of wearing "body bugs" which transmitted

their conversations with the defendant to police officers with receiving equipment. The nineteen enumerations of error are, insofar as possible, grouped around the principles of law involved.

1. The search warrants are here designated by the name of the judicial officer granting them. The Brock, Alverson and Shaw warrants all indicated the defendant's place of business to be searched as 2181 Peachtree Road, Atlanta, known as, or a business known as, American Eagle Antiques. The Thompson warrant, executed 8 days after the Alverson and 9 days after the Brock warrant, states only "2181 Peachtree Road, Atlanta," but the affidavit identifies American Eagle Antiques as the defendant's business referred to. There was only one front door. Originally signs on the outside of the building indicated American Eagle Antiques was on one side of the interior of the building and another business on the other side; it appears from testimony that the signs were removed because the other proprietor was unhappy at the publicity. While the interior space was allocated, there was no actual physical separation of the business by door or full partitions, although separation of showcases was maintained. So far as appears, only that part of the area actually under the defendant's control was searched, and a basement area open to the first floor generally. This case is not controlled by *Jones v. State,* 126 Ga. App. 841 or *Miller v. State,* 126 Ga. App. 847 (191 SE2d 883) as contended, where there were entirely separate multifamily dwellings, and where, in both cases, the alleged owners were never identified but other persons were searched. See, on the general question of probable cause, *Ward v. State,* 234 Ga. 882, 883 (218 SE2d 591).

2. A search warrant may be supplemented by oral testimony. *Campbell v. State,* 226 Ga. 883, 885 (178 SE2d 257). Here, Fulton County (not DeKalb) was orally designated as the county of venue.

3. The Aguilar-Spinelli tests of the informer's tip are "(1) that the affidavit gives reasons for the informer's reliability, and (2) that the affidavit either specifically states how the informer obtained the information *or* the tip describes the criminal activity in such detail that the

magistrate may know it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'" *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473). In the Brock warrant the informant stated that one Meloff burglarized certain premises (loss verified) the same date as the warrant, that he sold his stolen goods to the defendant and would do so that day; that the police then actually saw Meloff enter the defendant's premises with items similar to those stolen and emerge without them. In the Alverson warrant, dated July 13, Meloff was quoted as stating that he had made deliveries from burglaries regularly to the defendant, the latest on the preceding day, and another burglar, unnamed, told the affiant he had committed 48 burglaries in the last five months and sold all silver items to the defendant, the last delivery being two weeks previously. In the Thompson warrant the informant described silver which the affiant identified as coming from named burglarized premises and relayed information as to where it was stored in the building along with plans for removing it in a Ryder truck. Investigation showed a Ryder truck was in fact parked at the address. The criminal activity was thus in each case described in adequate detail. Examination of the warrant also shows sufficient identification of the stolen goods. Allegations that a burglary was in fact committed at a named address are not conclusory. The warrant meets the Aguilar standards of specificity.

4. A motion to suppress the order referred to as the Shaw warrant (which was in fact not a warrant but an order to repossess certain items seized under the Brock warrant and returned to the defendant a day or two before) was heard and denied. It is conceded that no search was made under this order, the defendant agreeing to surrender the items so returned which was done. As we have held the Brock warrant valid, objections to the Shaw order on this ground are without merit. It appears from the Alverson motion to suppress that the police officer who was the affiant in the Brock order was in fact sworn by the district attorney before Judge Shaw, and, in the absence of a transcript, we must assume produced evidence to support the petition of the district attorney to

the effect that the items released by Judge Brock were surrendered by the latter by mistake or in excess of his jurisdiction, as found by Judge Shaw. "The presumption afforded the superior court judge rests upon the broad presumption that all public officials perform their duties in the manner and to the extent required by law." *Irvin v. Woodliff,* 125 Ga. App. 214, 219 (186 SE2d 792). The Brock warrant appears to have been attached to the Shaw order for purposes of identification of the goods, and does not render the order invalid.

5. Two of the warrants were executed in the wee hours of the morning. Since this was a time of day when the surrounding businesses were devoid of customers or employees we are inclined to agree that this procedure avoided some embarrassments which would have attended a daytime search. Further, information that the goods were about to be moved, in at least one of the warrants, would justify the haste. *Veasey v. State,* 113 Ga. App. 187 (147 SE2d 515).

6. Connally v. Georgia, —- U. S. —- (97 SC 546, 50 LE2d 444), holds that a magistrate who collects fees for warrants issued, but may not collect fees for those denied, is not a neutral and detached magistrate, and that the motion to suppress evidence recovered by virtue of such a warrant should have been granted. Thompson, who issued the July 21 warrant, was a justice of the peace. We recognize that his ruling preceded the publication of the Connally case but do not put our decision on that fact. Thompson testified that he issued some two warrants a month and refused to issue others, and that in no case had he ever been paid or submitted a bill for issuing a warrant. Clearly, this habit of practice removes him from the general obloquy. Connally does not require a reversal here.

7. The denial of a commitment hearing is not cause for overturning a conviction on direct appeal. *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343).

8. The motion to produce filed on the morning the trial began came too late. Code § 38-801 (f) (g). The motion in limine seeking to suppress the tapes was properly overruled. They were intimately connected with the *modus operandi* between defendant and the burglars and,

if the defendant's statements relating to outsmarting the police, cautioning the burglars what territories to stay out of, and like statements did in fact present him in the light of contemplating future crimes or mentioning past ones, they are so closely connected with the res gestae as to be admissible (*Hill v. State,* 161 Ga. 188 (129 SE 647)), even though, as proof of other crimes, they tend to put the defendant's character in issue. *Spencer v. State,* 236 Ga. 697, 700 (224 SE2d 910).

9. The tapes were admissible under the standards set out in *Solomon, Inc. v. Edgar,* 92 Ga. App. 207 (88 SE2d 167). A witness testified that he was familiar with the three voices (the defendant's and those of two burglars engaging in the conversations to whom transmitters or body bugs had been attached, which were simultaneously heard and recorded by the identifying witness) that to his knowledge, or so far as he could tell, it was the same conversation, that the apparatus was in working order, and that the tapes thereafter were in his personal possession or locked in a cabinet to which he had the only keys. The complaint that the testimony was that the apparatus was "in mechanical operation" rather than "capable of taking testimony" is too narrow. The decision was made by the court after listening to them in camera. It is true that the transcription was not good and that the court reporter failed to understand sizeable portions of the tapes, but this does not of itself render the whole tapes inadmissible. Additionally, the accomplices testified to the conversation and verified the tapes. Nor does an unidentified voice coming in at one point render them inadmissible where the words are not material in the context of the conversation. "Evidence, the admissibility of which is doubtful, should be admitted and its weight left to the determination of the jury." *Green v. State,* 112 Ga. App. 329 (4) (145 SE2d 80).

10. The conversations recorded by these tapes were made during conversations between burglars who routinely sold stolen goods to the defendant, by their own admission, and who contended that the defendant well knew the goods were stolen and gave them advice on what was needed and where to procure it. The conversation was thus "in furtherance of crime (if the jury believed this

testimony), and its recordation was consented to by two of the three parties. This was sufficient to place the tapes within the exception of § 26-3006. *Brooks v. State,* 141 Ga. App. 725, 734 (234 SE2d 541). Nor was it grounds for a mistrial that one of the burglars who engaged in the taped conversation and testified concerning it was allowed to refresh his memory from a transcript of the recorded conversation, he testifying that the tape was an unaltered rendition of the conversation. What needs to be shown is that the witness has a distinct recollection of the facts referred to in a memorandum and then knows from independent recollection that it is correct. *Proctor & Gamble Co. v. Blakeley Oil &c. Co.,* 128 Ga. 606, 617 (57 SE 879). This sufficiently appears.

11. The appellant complains that, although he made no timely written request therefor, the court should have charged Code § 26-1810 to the effect that it is an affirmative defense that one acts under an honest claim of right to the property. The charge as a whole was full and clear to the effect that the defendant, to be guilty, must *knowingly* purchase *stolen* goods, leaving the issue one of guilty intent. There is a distinction between "claim of right" and "lack of intent." *Breland v. State,* 135 Ga. App. 478, 481 (218 SE2d 153). As we understand his testimony, the defendant did not contend at the trial that the property was not stolen, but only that he was unaware of the fact.

12. Whether the inference of guilt should arise from recent possession of stolen goods is a question for the jury. *Parrish v. Hopper,* 238 Ga. 468 (1) (233 SE2d 161); *McLean v. State,* 140 Ga. App. 229 (230 SE2d 366). As to the general grounds, the question of intent being at issue, the evidence is ample to support a guilty verdict. Two burglars testified to dozens of thefts from houses (supported by the testimony of the owners and identification of the wares found in the defendant's shop) and to the appellant's instructions to them of specific areas to be burglarized. The tapes, although in part unintelligible, contained enough of certain conversations to materially support this testimony, and there was additional supportive evidence gathered as a result of police surveillance of the premises.

13. An enumeration of error may not be amended after the time for filing has expired. *Mullis v. Mullis,* 227 Ga. 297 (180 SE2d 543); *Arkwright v. State,* 223 Ga. 768 (158 SE2d 370). We therefore are not passing upon a pleading entitled "Supplemental Enumeration of Errors" filed on the same day this case was argued, except to say that we have read it and are satisfied it raises no issues which would materially affect the fair trial rights of the defendant.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 7, 1977 — DECIDED JUNE 24, 1977 — REHEARING DENIED JULY 8, 1977 —

*Guy E. Davis, Jr., Paul S. Liston,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.