## 54972. BOWMAN v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for the theft by taking of 20 tons of soybean meal.

1. It was within the discretion of the trial judge to require defense counsel to make his opening statement before, rather than after, the state presented its case. *Berryhill v. State,* 235 Ga. 549 (221 SE2d 185) (1975). Although counsel argues that he was thereby forced to commit himself to a trial strategy which later proved detrimental to his case, we are unable to evaluate this contention in the absence of a transcript of the opening statements.

2. The trial court did not err in allowing a prosecution witness to testify that he was told over the telephone that the defendant was on his way to Valdosta to pick up a truck load of feed. This testimony was admitted to explain the witness' conduct and, as such, was not hearsay. Code § 38-302; *Garrett v. State,* 157 Ga. 817 (122 SE 211) (1924). In addition, the defendant openly admitted having made the trip, rendering the content of the conversation merely cumulative of other evidence.

3. Testimony identifying 20 marked $100 bills given to the defendant was relevant to establish the criminal

scheme by which the theft took place and was properly admitted for that purpose. Furthermore, the only objection made was that the evidence was "impertinent" and "irrelevant," which is not a valid objection. *Middleton v. Waters,* 205 Ga. 847 (4) (55 SE2d 359) (1949).

4. It was not error to allow into evidence a Xerox copy of a document listing the serial numbers of the $100 bills over the objection that as a copy it was not the highest and best evidence. The trial judge was authorized in his discretion to conclude from the testimony that the original had been lost or misplaced and was "not accessible to the diligence of the party." Code § 38-212. See *Brookman v. Rennolds,* 148 Ga. 721 (4) (98 SE 543) (1918). Furthermore, even were the admission of the document deemed to have been in error, it would have been harmless since the defendant admitted the identity of the bills.

5. The defendant contends that there was a fatal variance between the allegata and the probata in that the indictment alleged the theft of 22 tons of soybean meal whereas the evidence showed that 20 tons was actually taken. This variance was of the de minimus variety and could not have harmed the defendant in any way. The indictment fully and definitely informed the defendant of the charge against him and did not leave him open to a subsequent prosecution due to any defect or ambiguity therein. Accordingly, the variance was not fatal. See Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) (1935); *De Palma v. State,* 225 Ga. 465, 469 (169 SE2d 801) (1969); *Dobbs v. State,* 235 Ga. 800 (3) (221 SE2d 576) (1976); *Matthews v. State,* 236 Ga. 867, 870 (2) (225 SE2d 896) (1976); *Howard v. State,* 128 Ga. App. 807 (6) (198 SE2d 334) (1973).

6. In his remaining enumerations of error, the defendant attacks the sufficiency of the evidence. The evidence amply authorized the jury to conclude that the defendant was a party to the crime charged and that venue was as alleged in the indictment. Contrary to his contention, the evidence does not demand, nor does it suggest, a conclusion that the defendant was entrapped by a government agent. See Code Ann. § 26-905.

*Judgment affirmed. Deen, P. J., and Smith, J.,*

*concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 17, 1978 —
REHEARING DENIED FEBRUARY 3, 1978.

*Henry Ross,* for appellant.
*H. Lamar Cole, District Attorney, Richard W.
Shelton, Assistant District Attorney,* for appellee.