## 67869. GRAVELY v. THE STATE.

DEEN, Presiding Judge.

The appellant, Ollie Tidwell Gravely, was convicted of armed robbery, for which she was sentenced to 15 years imprisonment followed by five years probation. On appeal, she asserts the general grounds and contends that her character was improperly placed in issue by testimony connecting her with another alleged crime.

On December 9, 1982, shortly after 6:30 p.m., the appellant and her estranged husband, Ralph, approached Olan Haisten and asked him to give Ralph a ride into town. (Both the appellant and Haisten were residing at the Cass Motel, but this was their first encounter.) Haisten accommodated Ralph and upon his return he prepared supper, cleaned his hunting knives, and drank some beer and a small amount of vodka. Later in the evening, the appellant and her 13-year-old daughter visited Haisten. The appellant had drunk several beers and some wine before the visit, and she and Haisten drank beer while they conversed.

What subsequently transpired is in dispute. Haisten testified that when he decided to go to bed he suggested that the appellant and her daughter leave. The appellant's daughter did leave, and as she departed, Haisten observed the appellant putting his hunting knife and watch into her pocket. He protested, and the appellant then grabbed his butcher knife and demanded Haisten's wallet. After removing Haisten's money from the wallet, the appellant instructed him that he was to accompany her back to her room. As they exited, however, Haisten swung around and knocked the appellant to the ground, although the blow did not dislodge the knife from her hand. He tried to open the door to his room but it was locked, and, because the appellant slashed at him with the knife, he kicked at her until he

managed to unlock the door and enter his room. Another resident subsequently called the police, and Haisten later saw the appellant run out of a garage and away from the motel, after the investigating police officer had departed. Another resident testified that he observed this scuffle as it took place outside Haisten's room.

The appellant claimed that she and her daughter had gone for a walk that night in order to avoid domestic tension resulting from her estranged, second husband's refusal to leave her room, which at that time she shared with her ex-husband. As they walked past Haisten's room, she noticed a watch on the ground beside Haisten's vehicle. She picked it up and knocked on Haisten's door, inquired if the watch was his, and put it in her pocket when he replied negatively. Haisten invited them in, and they conversed and drank. Haisten gave her a hunting knife and eventually suggested that she spend the night with him. She declined the invitation and left on good terms. She denied any assault, robbery, or scuffle. When she returned to her room, she had to break the window glass because she had been locked out. She hid when the police arrived because she feared getting into trouble for breaking the glass.

The investigating officer eventually spotted the appellant along the roadside approximately one quarter of a mile from the motel. She was intoxicated and belligerent, and she had Haisten's knife and watch. *Held:*

1. At trial, Haisten was allowed to testify, over objection, that during the conversation immediately preceding the appellant's threatening him with the butcher knife, the appellant had boasted that she was so mean that recently she had cut one man so badly that he required 100 stitches. The appellant contends that such testimony improperly placed her character into issue.

Evidence of a prior crime is generally inadmissible at trial for a subsequent offense unless the defendant places his character in issue. *Burke v. State,* 250 Ga. 235 (297 SE2d 247) (1982); *Johnson v. State,* 242 Ga. 649 (250 SE2d 394) (1978). One exception to this general rule, however, is the situation in which the words or conduct of the defendant are part of the res gestae of the offense with which the defendant is currently charged. *Grant v. State,* 163 Ga. App. 775 (296 SE2d 110) (1982); *Jefferson v. State,* 101 Ga. App. 308 (113 SE2d 500) (1960). A defendant's statements made during the commission of the charged offense which "present him in the light of contemplating future crimes or mentioning past ones . . . [may be] . . . so closely connected with the res gestae as to be admissible (*Hill v. State,* 161 Ga. 188 (129 SE 647)), even though, as proof of other crimes, they tend to put the defendant's character in issue. *Spencer v. State,* 236 Ga. 697, 700 (224 SE2d 910)." *Williams v. State,* 142 Ga. App. 764, 768

(236 SE2d 893) (1977).

We conclude that the victim's testimony that the appellant had boasted of having previously cut another man so badly that the wound required 100 stiches was admissible because of the obvious close connection it bore to the charged offense of armed robbery during which the appellant threatened Haisten with a knife. Moreover, inasmuch as the testimony also tended to show the appellant's bent of mind, i.e., a propensity for the offensive use of a knife, the evidence was admissible under the "motive, plan, scheme, intent, or bent of mind" exception to the general rule of inadmissibility of evidence of an independent crime. *Burke v. State*, supra.

2. The appellant also asserts the general grounds. However, viewing the evidence in the light most favorable to uphold the jury verdict, a rational trier of fact could have found the appellant guilty of the armed robbery beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Crawford v. State,* 245 Ga. 89, 90 (263 SE2d 131) (1980).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1984.

*James E. Greene,* for appellant.
*Darrell E. Wilson, District Attorney, C. Stephen Cox. Assistant District Attorney,* for appellee.