### 67967. MENTION et al. v. THE STATE.

POPE, Judge.

Charles Michael Mention was tried and convicted of rape and received a sentence of twenty years. Donnell Bernard Mention was tried at the same time and was convicted of criminal attempt to commit rape and was given a sentence of ten years. They now appeal.

1. Appellants first argue that the trial court erred in instructing prospective jurors on the function of appellate courts. The case before us was apparently the first for trial in a new term of court for McIntosh County. Before the case was called, the trial judge gave a general orientation to the judicial system to all of the prospective jurors for the term. In it, in the process of explaining the function of the court reporter, the trial judge remarked, "And, if any of us make any errors, then that is subject to being reviewed by the appropriate appellate courts." Shortly thereafter, the trial judge restated this principle in slightly different words.

" 'The Supreme Court has repeatedly held references should not be made to the reviewing courts by court or counsel except to cite their decisions.' However, not every reference to the appellate courts during trial is reversible error. The references here to the curative powers of the appellate courts must be considered in the context of juror orientation of the judicial system and how it functions. Juror orientation is recommended by the American Bar Association but only by use of a juror handbook — thus avoiding the pitfalls encountered in the instant case. Where, as here, this form of orientation occurred before any evidence was introduced, did not convey or intimate any opinion of the trial judge, nor lessen the sense of responsibility of the jurors, we find such abstract references to the appellate courts not to require reversal." (Citations omitted.) *Bearden v. State,* 159 Ga. App. 892, 893 (285 SE2d 606) (1981).

2. Appellants argue that the trial court erred in not declaring a mistrial when counsel for co-defendant Paul Walden (who later pleaded guilty) moved the court, before the selection of the jury but in the presence of prospective jurors, to declare the rape statute unconstitutional on the ground that its purpose was to keep the races apart. Counsel for the State objected, and the prospective jurors were taken out; argument was heard and the motion was denied. The trial judge instructed counsel that he would not tolerate any effort to inject race as an issue at trial. However, he did permit counsel to ques-

tion prospective jurors on voir dire regarding whether race would affect their reception and consideration of evidence at trial. Each of the jurors chosen to serve on the petit jury denied that race would affect his deliberations. " 'The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial. [Cits.] Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error.' [Cit.]" *Grayson v. State*, 159 Ga. App. 138, 139 (282 SE2d 755) (1981). The remark in question came before voir dire had begun. Counsel had ample opportunity to examine prospective jurors regarding any prejudicial effect the remark may have caused. The record shows that the jurors selected to serve indicated that each would not be affected by the question of the race of the victim or of the appellants. We find no abuse of discretion in the trial court's denial of the motion for mistrial.

3. "Although the prosecutor is prohibited from commenting on the defendant's failure to testify, the prosecutor can argue to the jury the inferences to be drawn from the defendant's failure to produce witnesses, who are competent to testify and who allegedly would give evidence favorable to the defendant. [Cits.]" *Shirley v. State*, 245 Ga. 616, 618 (266 SE2d 218) (1980). In questioning a witness, counsel for appellant Donnell Mention elicited testimony regarding Donnell Mention's statement to the police in which he denied participation in the crime and claimed to be at the Boar's Nest at the time the crime was committed. On redirect, counsel for the State elicited from this witness the name of a person at the Boar's Nest who Donnell Mention said could vouch for his presence there. That person was never called to the stand. It was the inference to be drawn from these facts which counsel for the State argued to the jury. There is no merit to appellant Donnell Mention's contention that such argument was improper.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 16, 1984 — REHEARING DENIED MAY 30, 1984 —

*Randall M. Clark,* for appellant.

*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney,* for appellee.